WILLIAM T. EVANS *v.* WARDEN, STATE PRISON
(9918)

NORCOTT, LAVERY and LANDAU, Js.

Argued April 6—decision released September 22, 1992

*Paula Mangini Montonye,* deputy assistant public defender, for the appellant (petitioner).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (respondent).

LANDAU, J. The petitioner, William T. Evans, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claims that the habeas court improperly (1) concluded that, as a matter of law, that he was required to present the testimony of a legal expert at his habeas corpus hearing in order to establish his claim of ineffective assistance of counsel, (2) failed to consider the transcript of his criminal trial that was presented at the habeas hearing, and (3) denied his posttrial motions. We agree with the petitioner's second claim and, with respect to the first claim, do not agree that the testimony of a legal expert is required, as a matter of law, in every habeas corpus petition in order to establish ineffective assistance of counsel. We need not reach the petitioner's third claim.

The petitioner was convicted after a jury trial of the crime of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). In a subsequent proceeding, the jury also found the petitioner to be a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a). The trial court sentenced the petitioner to a term of twenty-five years imprisonment. The conviction was affirmed by the Connecticut Supreme Court. *State* v. *Evans,* 200 Conn. 350, 511 A.2d 1006 (1986).

Thereafter, the petitioner filed a petition for a writ of habeas corpus, claiming ineffective assistance of both trial and appellate counsel. After a hearing, the habeas court denied the petition. The petitioner then filed pro se motions to reargue and for a new trial, a petition for a new trial and a petition for a writ of habeas corpus addressed to the alleged ineffective assistance of his habeas corpus counsel. The court denied the petitioner's motion and petition for a new trial on the ground that they were not timely filed and that the issues raised would better be considered in the pending habeas corpus petitions. The trial court did not rule expressly on the motion to reargue or on the petition for a new habeas trial.

We first address the effect of the habeas court's failure to consider the transcript of the petitioner's criminal trial. At the habeas hearing, upon stipulation of the parties, the transcript of the petitioner's criminal trial was admitted into evidence. It is undisputed that the court did not view the transcript.[1]

The petitioner argues that because the principal argument of his habeas corpus petition was that his trial

---

[1] The habeas court stated: "I really don't think that I have any cause whatsoever to review the transcripts because I have not heard what I consider to be under *Strickland* [v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] the two most important things."

counsel was ineffective in not presenting sufficient evidence to substantiate the petitioner's claims, the habeas court could not come to any rational decision without reading the trial transcript. Thus, he argues, it was improper for the habeas court to refuse to review the transcripts. The state posits that the conduct of the habeas trial must necessarily be left largely to the discretion of the habeas judge, and that the habeas court implicitly concluded that the testimony presented at the hearing did not reach a threshold to warrant scrutiny of the transcripts.

"In a trial to the court, the trial judge performs a dual function; he is the authority who must adopt the correct principles of law to apply to the facts which he finds in leading to the judgment rendered." *Peck* v. *Jacquemin,* 196 Conn. 53, 73, 491 A.2d 1043 (1985). " '[T]he conduct of the trial must necessarily be left largely to the discretion of the presiding judge, a discretion which in its very nature cannot be made the subject of review by this court, except in a clear case of the abuse of that discretion.' " *State* v. *Wood,* 208 Conn. 125, 130, 545 A.2d 1026, cert. denied, 488 U.S. 895, 109 S. Ct. 235, 102 L. Ed. 2d 225 (1988), quoting *McKiernan* v. *Lehmaier,* 85 Conn. 111, 119, 81 A. 969 (1911). "A committee, or other trier, is bound to consider *all* the evidence which has been admitted, as far as admissible, for all the purposes for which it was offered and claimed. Not to do so is an *error of law* no less than it would be to exclude the evidence when offered." (Emphasis added.) *State* v. *Suffield & Thompsonville Bridge Co.,* 82 Conn. 460, 465, 74 A. 775 (1909). Although a trial court need not expressly order a jury, as the trier of fact, to read the full text of each and every exhibit, it is within the sound discretion of the court to instruct the jury to give careful consideration to *all* the evidence in a case. *State* v. *Wood,* supra, 132. These principles are fully applicable in habeas corpus trials.

The habeas court, as the trier of fact, was required to make a finding of whether the petitioner presented sufficient evidence to meet his burden of proof as to the allegation that his trial and appellate counsel rendered ineffective assistance.[2] Although the respondent urges us to find that "evidentiary representations" made by the state's attorney at the conclusion of the habeas trial serve to support the threshold of evidence necessary to justify the habeas court's verdict, it is black letter law that a court may make findings based only on evidence and not on mere representations of counsel. *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 154, 496 A.2d 476 (1985); *Savage* v. *Savage,* 25 Conn. App. 693, 696, 596 A.2d 23 (1991). A full and fair review of the petitioner's claim that his trial counsel failed to present sufficient evidence to substantiate the petitioner's claims and that his appellate counsel provided ineffective assistance in failing to include a sufficiency of the evidence claim in his direct appeal required the habeas court to read the trial transcript. Just as a jury should give careful consideration to all the evidence in a case, so too should a habeas court give careful consideration to all the evidence; *State* v. *Wood,* supra; which, in this case, included the trial transcript. Although great deference must be given to the habeas court when considering a petitioner's trial, we conclude that the habeas court's refusal to read the trial transcript was an abuse of its discretion.

In his second claim, the petitioner argues that the habeas court improperly concluded that, as a general principle of law, expert testimony is required in order to establish a claim of ineffective assistance of counsel. The respondent argues that the trial court did not

---

[2] The proper context for the court's *Strickland* inquiry is the record of the trial court viewed as a whole. *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see *State* v. *Carter,* 56 Wash. App. 217, 218 n.1, 783 P.2d 589 (1989).

articulate as a general principle of law that expert testimony is a prerequisite to a finding of ineffective assistance of counsel, but merely noted the absence of expert testimony in this case and applied its own judgment to its finding that the evidence presented failed to demonstrate that the petitioner's trial and appellate counsel were ineffective.

In making its oral ruling following the hearing on the petitioner's application for a writ of habeas corpus, the court stated: "I think that under *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and the other cases in Connecticut the insufficiency of counsel is an objective standard. We have no expert here. I don't think that you can properly claim to me that the conduct of these attorneys, and I've heard very little of their conduct, is covered by the doctrine of res ipsa loquitur. I think without some evidence of an expert there is no way that this court could find that the trial counsel or the appellate counsel's services were deficient. . . . I really don't think that I have any cause whatsoever to review the transcripts because I have not heard what I consider to be under *Strickland* the two most important things. One, an objective standard for the conduct of either trial counsel or appellate counsel, and I have not heard any evidence that the shortcomings that you have raised would—if they had been raised at either point, the outcome would have been different."

Whether expert testimony is needed, as a matter of law, in a habeas corpus proceeding in order to establish ineffective assistance of counsel is a question of first impression in this state and has been afforded only limited consideration in other jurisdictions. See *Hubbard* v. *State*, 584 So. 2d 895, 901 (Ala. Crim. App. 1991) (expert testimony is not required for an ineffective assistance of counsel determination); *State* v. *Carter*, 56 Wash. App. 217, 228, 783 P.2d 589 (1989)

(Winsor, J., dissenting) (distinguishing need for expert testimony in medical malpractice cases from need for expert testimony in habeas proceedings involving claims of ineffective assistance of counsel).

As a general rule, expert testimony is required " 'when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors' "; *Latham & Associates, Inc.* v. *William Raveis Real Estate, Inc.,* 218 Conn. 297, 301, 589 A.2d 337 (1991), quoting *Bader* v. *United Orthodox Synagogue,* 148 Conn. 449, 454, 172 A.2d 192 (1961); *Aspiazu* v. *Orgera,* 205 Conn. 623, 630–31, 535 A.2d 338 (1987); *Toomey* v. *Danaher,* 161 Conn. 204, 210, 286 A.2d 293 (1971); *Jaffe* v. *Department of Health,* 135 Conn. 339, 350, 64 A.2d 330 (1949); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 7.16.5; which necessarily must be decided on a case-by-case basis. Although we have had the opportunity to apply this rule in a number of circumstances involving allegations of professional malpractice; *Mather* v. *Griffin Hospital,* 207 Conn. 125, 131, 540 A.2d 666 (1988); *Shelnitz* v. *Greenberg,* 200 Conn. 58, 66, 509 A.2d. 1023 (1986); *Hammer* v. *Mount Sinai Hospital,* 25 Conn. App. 702, 718, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384 (1991); *Vinchiarello* v. *Kathuria,* 18 Conn. App. 377, 381, 558 A.2d 262 (1989) (medical malpractice); see *Davis* v. *Margolis,* 215 Conn. 408, 416, 576 A.2d 489 (1990); *Dunham* v. *Dunham,* 204 Conn. 303, 317, 528 A.2d 1123 (1987); *Somma* v. *Gracey,* 15 Conn. App. 371, 374–75, 544 A.2d 668 (1988); *Pearl* v. *Nelson,* 13 Conn. App. 170, 173, 534 A.2d 1257 (1988) (legal malpractice); we have yet to apply this rule in the context of a *Strickland* inquiry.

We are not persuaded that we should adopt an inflexible requirement that expert testimony must be presented in every case raising a *Strickland* inquiry. The case-by-case approach is appropriate in a situation

involving ineffective assistance of counsel. Even in cases involving claims of medical and legal malpractice, a case-by-case analysis is employed and, although the general rule requires expert testimony where the specific conduct underlying the plaintiff's claim is such that it amounts to gross negligence, our courts have not required expert testimony. *Puro* v. *Henry,* 188 Conn. 301, 305, 449 A.2d 176 (1982); *Console* v. *Nickou,* 156 Conn. 268, 273–74, 240 A.2d 895 (1968); *Vinchiarello* v. *Kathuria,* supra, 381–82; *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 520–21, 509 A.2d 552 (1986) (plaintiff cannot prevail without expert testimony, except where there is manifest such gross want of care or skill as to afford, of itself, an almost conclusive inference of negligence that the testimony of an expert is not necessary). We need not, however, decide in this case, whether the cases applicable to medical and legal malpractice are also applicable to ineffective assistance of counsel cases arising in habeas corpus petitions.

Here, the petitioner claims that because the standard for determining ineffective assistance of counsel is a legal standard, the question involved does not go beyond the field of the ordinary knowledge and experience of the habeas judge.[3] It does not follow, however, that the habeas judge is cognizant of the required standard of "reasonable competence" displayed by lawyers with ordinary training and skill in the criminal law; *Strickland* v. *Washington,* supra, 687; at the time the

---

[3] Whether a defendant is denied his right to effective assistance of counsel is "a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case." *Cuyler* v. *Sullivan,* 446 U.S. 335, 342, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); *Phillips* v. *Warden,* 220 Conn. 112, 131, 595 A.2d 1356 (1991). Combined issues of fact and law in a habeas corpus matter are heard by the court. General Statutes § 52-470; Practice Book § 536.

challenged representation is alleged to have occurred. Such a determination must be made on a case-by-case basis.

The petitioner cites several examples of alleged ineffectiveness on the part of both his trial and appellate counsel, suggesting that this ineffectiveness would be manifest to the court without expert testimony.[4] The claims themselves suggest otherwise. The issues may be of sufficient complexity to warrant assistance to the trial court in sifting through the petitioner's claims and placing them in a context that would aid the habeas court. Thus, not every petitioner claiming ineffective assistance of counsel need present expert testimony, because as in some medical and other professional malpractice cases, the acts complained of will be such that the triers of fact will be able to determine whether there has been ineffective assistance of counsel without need of expert testimony. See *State* v. *Carter,* supra, 228 n.1 (Winsor, J., dissenting).

The judgment is reversed and the case is remanded for a new hearing on the habeas petition.

In this opinion the other judges concurred.

---

[4] The petitioner claims that the following actions, among others not specifically referred to, constituted ineffectiveness and would have been apparent on review of the transcript, and without expert testimony: (1) failure to address the inconsistencies in one of the eyewitnesses' identification of the petitioner; and (2) failure to except to and, on appeal, challenge the trial court's failure to give a limiting instruction regarding the destruction of evidence necessary for the petitioner's alibi defense.