[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner was convicted on May 20, 1988 after a jury trial of murder, arson in the first degree and larceny in the sixth degree. On July 1, 1988 he was sentenced by the trial court (Hadden, J.) to a total effective sentence of CT Page 9608 eighty-five (85) years and nine (9) months incarceration, which he is presently serving. His conviction was affirmed on direct appeal in State v. Johnson, 214 Conn. 161 (1990), which decision sets forth the underlying facts relevant to his conviction and appeal issues. The transcript of the trial and related prior motion in limine hearing (Petr. Exh. 1 A-C) covers thirteen court days, May 3-20, 1988, and exceeds 1000 pages.
In his Fourth Amended Petition in this habeas proceeding, Petitioner presents claims of ineffective assistance of both his trial counsel, William F. Dow, III, Esq., and his appellate counsel, Suzanne Zitser, Esq., as well as one substantive issue not raised in his direct appeal. The evidentiary hearing before this court occurred on October 13-14, 1992. Petitioner presented three witnesses, namely Attorneys Dow and Zitser, as well as Brian M. O'Connell, Esq., whose testimony as an expert was offered only with respect to the claim regarding appellate counsel.
Petitioner asserts that his trial counsel was ineffective: (1) for not moving to strike the testimony of four of five prosecution witnesses whose original taped statements to police were no longer available, thereby, precluding appellate review of a material error at trial; and (2) for not moving for a mistrial based on certain comments at closing argument by the prosecutor concerning the Petitioner's prearrest silence. His claim of ineffective appellate counsel concerns that counsel's failure to raise the foregoing prearrest silence issue. A further claim that trial counsel was ineffective for failing to obtain an expert to conduct DNA testing on a piece of physical evidence linking Petitioner to the crime was withdrawn at the commencement of this hearing, although the lack of such DNA testing is the basis of Petitioner's remaining substantive claim.
I. INEFFECTIVENESS OF COUNSEL
In order to succeed on a claim of ineffective assistance of counsel, "the petitioner must show that his attorney's performance was not necessarily competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law, . . . and that this lack of competency contributed to the conviction." Summerville v. Warden, 29 Conn. App. 162, CT Page 9609 170 (1992) [internal quotation marks and citations omitted].
 Furthermore, our Supreme Court has adopted the two-pronged test for ineffectiveness of counsel set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That test requires a conclusive showing that (1) the attorney's performance was so deficient and the errors made by counsel were so egregious that the attorney was not functioning as counsel; id., 687; and (2) there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 694. Thus, added to the petitioner's heavy burden of proof is the requirement that there be a showing of prejudice that had an effect on the judgment. United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).
Ostolaza v. Warden, 26 Conn. App. 758, 761, cert. denied,222 Conn. 908 (1992).
Petitioner has failed to meet his burden of proof on either prong of the Strickland test.
Both Attorneys Dow and Zitser have extensive professional experience in the area of criminal law. Attorney Dow received his law degree from the University of Pennsylvania in 1968, served as a Public Defender in the District of Columbia 1970-74, as an Assistant United States Attorney for the District of Connecticut 1974-76, and thereafter has been in private practice in this State. By his own count he has been involved as counsel in excess of one hundred (100) criminal trials. He represented the Petitioner as a Special Public Defender.
Attorney Zitser was admitted to the Connecticut Bar in 1978. Since March 1979 she has served in the Office of the Public Defender, primarily in its Appellate Division. By her own count, she has in that capacity handled over thirty (30) appeals, including Petitioner's. Other than the one aforementioned incident affecting Attorney Dow alone, and the one incident jointly affecting both counsel, Petitioner makes CT Page 9610 no claim that his respective representation by Attorneys Dow and Zitser was other then in conformity with the standards of competence.
At the outset the Court notes that Petitioner presented no expert testimony in support of his claim of ineffective assistance of Attorney Dow. The Court is cognizant of the recently released Appellate Court decision in Evans v. Warden, 29 Conn. App. 274 (1992) declining to "adopt an inflexible requirement that expert testimony must be presented in every case raising a Strickland inquiry," instead ruling that a "case-by-case approach is appropriate in a situation involving ineffective assistance of counsel." Id., 280-81. Applying the reasoning expressed in that decision, the Court believes that this case, involving the conduct of lengthy and complex trial proceedings by an admittedly otherwise experienced and competent trial counsel is such a case requiring expert testimony. For this reason alone, the Petitioner's claim respecting Attorney Dow should be dismissed. However, even within the context of the mandate of Evans, the Court reaches the same conclusion.
The Court will now examine the precise claims of ineffectiveness of counsel.
A. Failure to Move to Strike Testimony
The facts underlying this claim are set forth in the direct appeal, State v. Johnson, supra, 164-67, and will not be repeated here except as relevant to this ruling. Taped statements originally given to the police by five prosecution trial witnesses had been destroyed by erasure prior to trial, and thus could not be produced by the State as required by C.G.S. Sec. 54-86b and P.B. Sec. 752. At trial, Attorney Dow unsuccessfully moved to strike under P.B. Sec. 755 the testimony of only one of these witnesses, Brian Simmons, but made no such motion regarding the other four. At this habeas hearing Attorney Dow gave as a reason for this omission that their testimony was not as damaging as that of Simmons and in part corroborated the defense.
On direct appeal, Petitioner claimed that the admission into evidence of the testimony of these five witnesses was reversible error. The Supreme Court specifically sustained the trial court's denial of the motion as to Simmons, but CT Page 9611 declined to review the claim as to the other four on the ground that the claim had not been properly preserved for appeal, and refused to consider it under the "plain error" doctrine.
Petitioner now asserts that had Attorney Dow properly preserved the issue for appeal, reversal would have been mandated under State v. Williamson, 212 Conn. 6 (1989). However, the decision of the Supreme Court adverse to Petitioner on direct appeal in State v. Johnson, supra, is dispositive of this claim for the following reasons:
1. The Supreme Court expressly distinguished Williamson, in that Johnson did not involve "bad faith" police conduct as did Williamson. Indeed, the only issue between the majority (three justices) and concurring (two justices) opinions in Johnson concerned whether the State (majority) or defendant (concurring) had the burden of proof of harmlessness.
2. In order to be successful, a habeas petitioner must demonstrate a miscarriage of justice or other prejudice and not merely an error; ordinarily some fundamental constitutional violation must be established. Safford v. Warden, 223 Conn. 180, 190 (1992). The Supreme Court not only noted that the tapes issue was not of constitutional dimension, but also denied plain error review respecting the four witnesses other than Simmons on the ground that it could not say "that the court's failure to strike the testimony of the four witnesses constituted a manifest injury to the defendant so as to impair the effectiveness or integrity of his trial." State v. Johnson, supra, 171.
3. Trial counsel did properly move to strike the testimony of Brian Simmons. Upon full review, the Supreme Court specifically decided this issue adverse to Petitioner on the ground that he had suffered no prejudice by this testimony. The substance of the testimony of Simmons and the other four subject witnesses is set out in the opinion. Id., 166 n. 7, 171. Clearly, as Petitioner acknowledged in his Supreme Court appellant brief (Petr. Exh. 2, p. 10), Simmons was "the most crucial witness" of these five. Petitioner has not proved that the Supreme Court would have ruled any differently respecting the other four witnesses had the issue respecting their testimony been properly preserved. CT Page 9612
B. Prosecutor's Closing Argument
This claim involves remarks made in closing argument by the prosecutor in referring to trial testimony of Sergeant Lillis concerning events of March 17-19, 1987. Lillis had testified that the Petitioner, after acknowledging that he knew he was a suspect, stated his desire to meet and talk with Lillis "man to man", but failed to appear at the scheduled meeting. (Petr. Exh. 1-B, Tr. pp. 663-70.) The Petitioner was not arrested until April 6, 1987.
The allegedly offending prosecutorial remarks, which set forth the substance of Lillis' subject testimony, were as follows (Petr. Exh. 1-C, Tr. pp. 923-24):
 The seventeenth which would now be I believe Saturday, or the seventeenth anyway, ten days after the offense. A search warrant for the accused's house for the sneakers that apparently he may have been wearing. They do seize some sneakers and there is no evidence on them. No blood or anything. While Sergeant Lillis is out at the defendant's house he is sitting with the defendant and he said with the two of them alone in the living room while the search is going on, Sergeant Lillis says, what do you think of this. The defendant said, I guess I am a suspect. Sergeant Lillis says, yes, you are. The defendant says, gee, I would like to talk to you, and his wife walks in and that's the end of the conversation. A little later Sergeant Lillis is leaving the house and is on the front porch and the defendant is out there and Lillis says, do you still want to talk. He said yes, I would like to talk to you. Lillis says, well, you have an attorney, maybe you should talk to your attorney first. He says, I don't need an attorney, I want to talk to you man to man.
 Now what is it that he would have said ladies and gentlemen, that he hasn't said in previous statements. Something obviously that he hadn't said back then. And he wanted to talk man to man. I would just ask you to consider that in your mind. What additional information he wanted to relay that CT Page 9613 he had not related previously. [Emphasis added].
Petitioner asserts that these comments implicate a fundamental violation of a criminal defendant's due process rights by making use of his silence after Miranda warnings to infer guilt, under the rule of Doyle v. Ohio, 426 U.S. 610
(1976), as extended to include post-Miranda but pre-arrest silence in State v. Plourde, 208 Conn. 455, 466 (1988). Accordingly, the failure of trial counsel to have moved for mistrial as well as the failure of appellate counsel to have raised this issue on the direct appeal respectively constitute ineffectiveness.
Petitioner's interpretation of these remarks was not supported by its expert witness, Attorney O'Connell, who in his four and a half years as a member of the bar has had extensive professional experience in criminal and criminal-related trial and appellate matters. He candidly opined that neither the admission of Sergeant Lillis' subject testimony nor the prosecutor's recitation thereof in closing argument was improper.
He initially opined that a reasonably competent appellate counsel must be aware of and raise a Doyle "silence" issue, citing, State v. Apostle, 8 Conn. App. 216
(1986). However, his ultimate view was that the subject closing argument was in effect an impermissible inquiry into the Petitioner's state of mind by asking the jury to speculate on what Petitioner would have said had he met with Sergeant Lillis. In so opining, he was in effect focusing on the last two sentences of that closing argument, as does the Petitioner (see Petitioner's Memorandum of Law, p. 29).
Neither Attorney Dow nor Attorney Zitser so interpreted these remarks. Attorney Dow, who so to speak was on the "firing line", testified that at the time he did not feel that the jury misinterpreted these remarks so as to infringe on Petitioner's right to silence. Attorney Zitser testified that in her opinion the issue was weak, and that it is her policy to concentrate on perceived strong issues and not cloud the same by raising colorable but less substantial ones. The Court concurs. Cf. State v. Negron, 221 Conn. 315,323-26 (1992).
"[A] court deciding an actual ineffectiveness claim must CT Page 9614 judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Fair v. Warden, 211 Conn. 398, 407, cert. denied, 493 U.S. 981 (1989). Appellate counsel is not required to raise every conceivable issue. Valeriano v. Bronson, 209 Conn. 75, 89 (1988).
II. DNA
Petitioner's substantive claim regarding the lack of substantiating DNA evidence is likewise without merit. This issue refers to bloodstains found on Petitioner's T-shirt. The state's forensic expert testified at the underlying trial that the blood was not Petitioner's, but was consistent with the victim's type. (Petr. Exh. 1-B, Tr. pp. 721-22, 729.) The jury had before it Attorney Dow's extensive cross examination of the expert on the efficacy of DNA testing and the fact that no such testing was then performed by the State Lab. (Id., pp. 734-40.)
The jury obviously believed that on the basis of the evidence before it, Petitioner's guilt was established beyond a reasonable doubt. On direct appeal, the Supreme Court concurred. Petitioner has presented no evidence of a reasonable likelihood that DNA testing would have compelled a different result.
The petition is dismissed.
BY THE COURT,
David L. Fineberg, J. Superior Court Judge