[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petitioner Armond Rouillard is presently held and confined in the Connecticut Correctional Institution at Somers as the result of his conviction upon four separate informations as follows: CT Page 257
 1. On February 20, 1985 before Jackway, J. in G.A. #12 at Manchester, in Docket No. CR-12-79300, upon a guilty plea to Sexual Assault in the First Degree (C.G.S. Sec. 53a-70) and Risk of Injury (C.G.S. Sec. 53-21).
 2. On March 1, 1985 before Mack, J., in G.A. #13 at Manchester, in Docket Nos. CR-13-56097, CR-13-56098 and CR-13-56099, upon nolo contendere pleas[1] each to Sexual Assault in the Second Degree (C.G.S. Sec. 53a-71).
All of these pleas were made without recommendation or promise regarding sentence. Petitioner was represented by Stephen Meo, Esq. in the G.A. #12 case, and by Phillip N. Armentano, Esq., Assistant Public Defender in the G.A. #13 cases.
Sentencing in all cases occurred on May 1, 1985 at Manchester. First, in the G.A. #12 case, Petitioner was sentenced (Jackaway, J.) to a 15-year sentence for Sexual Assault First and to a 10-year sentence for Risk of Injury, each sentence to run concurrent to the other. Thereafter, in each of the three G.A. #13 cases, Petitioner was given successive sentences (Mack, J.) each of 10-years suspended after 6 years, 5 years probation. Each successive sentence was to run consecutive to each preceding G.A. #13 sentence and to the G.A. #12 sentences.
Pursuant to Attorney Armentano's motion to correct illegal sentence, the G.A. #13 sentences were successively modified (Mack, J.) on June 19, 1985 and July 26, 1985 resulting in sentences of 5 to 10 years, consecutive both to each other and to the G.A. #12 sentences.[2] The overall effective sentence for the foregoing G.A. #12 and #13 cases is 30 to 45 years, of which the G.A. #13 Docket No. CR-13-56099 is the last to serve.
On October 22, 1985, Petitioner's attorneys appeared before the Sentence Review Division for review of his G.A. #12 and G.A. #13 sentences. The Board dismissed Petitioner's request for review, apparently on the ground that the filing of a substituted information deleting certain charges in the G.A. #12 case and its nolle of various charges in the G.A. #13 cases,[3] all in connection with the relevant pleas, CT Page 258 constituted a plea agreement within the proscription of C.G.S. Sec. 51-195 (Petr. Ex. 1 — S.R.D. Tr.). Petitioner's appeal from the Division's ruling was dismissed by the Appellate Court on December 9, 1986. No appeal was sought from the Appellate Court ruling.
Several years thereafter, our Supreme Court issued its ruling in Staples v. Palten, 214 Conn. 195 (1990), holding that the Sentence Review Division erred in determining that the term "plea agreement" as used in C.G.S. Sec. 51-195
includes a plea of guilty, like that of this Petitioner, that is entered with no agreement as to a specific sentence.
Petitioner's Third Amended Petition asserts various claims, at times in overlapping counts, involving the voluntariness of his pleas and ineffectiveness of trial counsel. As alleged in the Petition and presented at the hearing before this Court, these claims virtually exclusively concern the underlying G.A. #13 proceedings, his counsel therein, and the adverse Sentence Review Division ruling. At the outset, the Court finds that there has been no deliberate bypass of orderly procedures respecting relevant substantive claims, as there is no evidence that Petitioner was either aware of pertinent appeal rights or is chargeable with affirmative waivers. D'Amico v. Manson, 193 Conn. 144,147-48 (1984).
The unifying thrust of Petitioner's claims is the alleged ineffectiveness of his G.A. #13 trial counsel, Attorney Armentano, admittedly an experienced Public Defender with (at time of this hearing) 22 years of service in that position. In this regard, Petitioner must satisfy the two-pronged test enunciated in Strickland v. Washington,466 U.S. 668 (1984), requiring a conclusive showing that (1) The attorney's performance was so deficient and the errors so egregious that the attorney was not functioning as counsel, and (2) but for these errors, there is a reasonable probability that the result of the proceeding would have been different. Ostolaza v. Warden, 26 Conn. App. 758, 761, cert. denied, 222 Conn. 908 (1992).
No expert was offered by Petitioner on the requisite issue of whether Attorney Armentano's performance was "within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." Summerville v. CT Page 259 Warden, 29 Conn. App. 162, 170 (1992). The Court finds that the subject alleged misconduct was not so egregious or grossly negligent on its face so as to warrant dispensing with the requirement of expert testimony. Evans v. Warden,29 Conn. App. 274 (1992). Without reference to the absence of such expert testimony, however, the Court finds on the merits that Petitioner has failed to establish either prong of the Strickland test.
Petitioner's claims will be herein discussed in the approximate order in which they were presented at this hearing. Petitioner first claims that trial counsel failed properly to investigate and assert a statute of limitations defense to the offenses upon which Petitioner was convicted in G.A. #13 Docket Nos. CR-13-56098 and CR-13-56099, both Class C felonies. The sentences imposed in those cases were the last to be served consecutive to all of the G.A. #12 and #13 sentences imposed. C.G.S. Sec. 54-193(b) imposed a five year statute of limitations for Class C felonies. However, C.G.S. Sec. 53a-69, then in effect but since repealed, required prosecution to commence within one year after a victim of less than 16-years of age (as here) appropriately reported the assault. See State v. Whiteman, 204 Conn. 98
(1987).
The Court files in both cases (Petr. Exs. 9-10) show that in each case the warrant was signed on May 29, 1984 and the arrest made on June 5, 1984. The typed date of the offense shown thereon in CV-13-56098 is "divers dates Sept-Dec. 1978," dates more than five years prior to the warrant date. The typed date of the offense shown thereon in CV-13-56099 is "June 1976," but that date is crossed out and the date "Dec. 1979" and the initials "P.A.C." inserted in handwriting in lieu thereof. The handwritten date is within the limitation period, whereas the initial typewritten date is not. There was evidence available to counsel, including from police files, of statements of the victim in that case supporting the earlier date.
The defense of statute of limitations is an affirmative defense and is waivable. State v. Littlejohn, 199 Conn. 631,640 (1986). Absence from the State may toll the statute under C.G.S. Sec. 54-193(c), which provides as follows:
(c) If the person against whom an indictment, CT Page 260 information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against him at any time within such period, during which he resides in the state, after the commission of the offense.
The evidence indicates that Attorney Armentano was quite aware of a potential statute of limitations defense, discussed the issues with Petitioner, and intensively investigated the same. The problem was that Petitioner had been out of this State for a considerable period of time during the relevant period following the offenses. This amounted to approximately two and a half to three years, more than sufficient to toll the statute.
In CV-13-56099, the change of offense date from "June 1976" to "Dec. 1979" was made by Patrick A. Cosgrove, the State's Attorney in the G.A. #13 cases. Attorney Cosgrove testified at this proceeding that his change of offense date was made upon his determination after his review of all the facts and evidence. Due to the passage of time he could not now recall his specific reasons for doing so. However, other evidence establishes that the victim was born on August 19, 1966. The June 1976 date would have made her less than 10 years old, not that much older than some of the Rouillard children for whom she was sitting. The December 1979 date accords with the victim's statement that she was 12 or 13 at the time of the offenses.
Other than a questionable statute of limitations defense, Petitioner was unable to provide Attorney Armentano with any plausible defense. "It is in the range of reasonably competent counsel to advise his client to plead guilty even though defenses may conceivably exist." State v. Lopez, 197 Conn. 337, 343 (1985). The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case viewed as of the time of counsel's conduct. Williams v. Warden, 217 Conn. 419, 434 (1991).
The Court finds that Petitioner has failed to prove that Attorney Armentano's conduct (or omission) was remiss within the context of the first prong of the Strickland test, or the reasonable likelihood that the statute of limitation issue if raised would have been successful. CT Page 261
Petitioner's claims relating to the voluntariness of his plea and to defects in the various plea canvasses are without merit. Petitioner was clearly advised that there was no agreement regarding sentence, the maximum penalties for his offenses, and the fact that sentences could be imposed consecutively.
The thrust of Petitioner's claims is that his sentences are excessive. This issue is a proper matter for the Sentence Review Division. Petitioner had a statutory right to such review under C.G.S. Sec. 51-194 et seq. He complied with the statutory requirements therefor. Review was denied, not on the merits, but for technical reasons since held improper in Staples v. Palten, supra. All things remaining equal, he is entitled to such review.[4]
C.G.S. Sec. 470(b) empowers the habeas court to dispose of a case "as law and justice require." The Court has considerable discretion to frame a remedy commensurate with the scope of the wrong. Gaines v. Manson, 194 Conn. 510, 528
(1984). In this case, restoration of Petitioner's right to sentence review is appropriate. Presumably, Petitioner has already complied with the filing requirements of C.G.S. Sec.51-195, so there seems no reason to require duplication of the same.
Accordingly, the Court orders that Petitioner's right to sentence review under C.G.S. Sec. 51-194 et seq. respecting the G.A. #12 and G.A. #13 sentences herein above mentioned and those matters (to the extent different) presented by Petitioner to the Sentence Review Division on October 22, 1985 are hereby restored. The Sentence Review Division is hereby ordered to grant Petitioner a hearing on the merits, said hearing to be held in the normal course of the Division's business activities within a reasonable time after the date of this order. A copy of this decision should be sent to the Sentence Review Division.
All other claims made in or within the purview of the Third Revised Amended Petition herein are dismissed.
BY THE COURT,
David L. Fineberg CT Page 262 Judge, Superior Court