[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On July 27, 1993, the plaintiff, Frederick A. Digioia (Digioia), filed a one count complaint against the defendant, Attorney David B. Greenberg (Greenberg). In 1983, Digioia contracted with Northeastern Capital Corporation, f/k/a Manufacturers Small Business Investment Company, Inc. (Northeastern), for the purchase of certain real property located in New Haven, Connecticut. Under the terms of the contract, Northeastern, the seller, was to conduct a title search and provide Digioia with a certificate of title to the property. Greenberg represented Northeastern in this transaction. Greenberg performed the title examination and disclosed to Digioia that Northeastern had good and marketable title to the property. On September 18, 1984, in reliance on the representations made by Greenberg, Digioia purchased the property for $130,000.
At the time of the closing, a committee deed vesting title in Northeastern, dated July 18, 1983, had not been recorded. Consequently, at the date of the closing, title to the property was held in the name of Anna M. Fantarella, Donald V. Frione and Foxon Corporation, a/k/a Foxon Concrete Corporation, not in the name of Northeastern. As a result, all tax bills since September 18, 1984 were sent to Fantarella and Foxon, not to Digioia. Greenberg recorded the committee deed on July 9, 1991. The plaintiff alleges that as a result of Greenberg's "negligent and unskillful examination of the title and his subsequent advice," the plaintiff is indebted to the City of New Haven for back taxes in excess of $100,000; Digioia seeks money damages. CT Page 11297
On April 17, 1995, Greenberg filed a motion for summary judgment and a memorandum and documents in support thereof. Greenberg moves for summary judgment on several grounds. First, Greenberg argues that Digioia can only prove the standard of care in his legal malpractice claim through expert testimony. Greenberg contends that since the court granted Greenberg's motion to preclude expert testimony on February 27, 1995, Digioia cannot establish a prima facie case of legal malpractice and Greenberg is entitled to judgment as a matter of law.[1] Secondly, Greenberg contends that Digioia's action is barred by the applicable statute of limitations. Thirdly, Greenberg asserts that he owed no duty of care to Digioia. Greenberg argues that there is no genuine issue of material fact that he represented Northeastern in the subject transaction, not Digioia. On this basis, he urges that he is entitled to summary judgment as a matter of law.
On June 15, 1995, Digioia filed a memorandum in opposition to Greenberg's motion for summary judgment. Digioia argues that expert testimony is not required to sustain his claim. Secondly, he argues that the action is not time-barred. Thirdly, Digioia asserts that he has adequately alleged a duty of care.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384;Lees v. Middlesex Insurance Co., 219 Conn. 644, 650, 594 A.2d 952
(1991).
Greenberg argues that Digioia is required to prove the standard of care in his legal malpractice action through expert testimony. He argues that since a court order has precluded Digioia from introducing expert testimony, Digioia is unable to prove a necessary element of his claim. Greenberg argues that the exception to the expert testimony rule for obvious and gross want of care and skill is not supported under the facts of this case. Moreover, Greenberg argues that Connecticut courts have not applied the exception to legal malpractice claims involving specialized or technical areas of property law.
Digioia argues that the exception applies. He states that the purpose of the rule requiring expert testimony is to assist the lay person as to whether proper procedures were followed or whether proper care was used. Digioia asserts that there are no CT Page 11298 material allegations in the complaint for which expert testimony is required. In support of his contention, he argues that the falsity of the title opinion can be established as a matter of law by offering the title opinion into evidence and by establishing the state of record title through the New Haven land records. Digioia claims that he can also call Greenberg as a witness to establish that at the date Greenberg rendered the title opinion, Northeastern's deed was not recorded and, therefore, the opinion was false. Digioia cites cases from other jurisdictions which have allowed legal malpractice to be shown without the aid of expert testimony.
In addition, Digioia argues that the complaint alleges negligent misrepresentation, for which expert testimony is not required. He argues that the fact that Greenberg is an attorney is important only in establishing that Digioia's reliance on the representations was justifiable and in determining the applicable statute of limitations. Digioia's current characterization of his complaint is unpersuasive and contradictory. A fair reading of his allegations indicates his claim is for damages resulting from legal malpractice. Indeed, the plaintiff began this lawsuit by stating on his summons that his case type sounded in legal malpractice.
It is well-settled that, for a plaintiff to prevail in a legal malpractice action in Connecticut, the plaintiff must present expert testimony to establish the standard of proper professional skill or care. Davis v. Margolis, 215 Conn. 408,416, 576 A.2d 489 (1990). The testimony is necessary to establish "(1) that a breach of the professional standard of care has occurred, and (2) that the breach was the proximate cause of the injuries suffered by the plaintiff." (Internal quotation marks omitted.). Solomon v. Levett, 30 Conn. App. 125, 128,618 A.2d 1389 (1993). As a general rule, expert testimony in malpractice cases is required "when the question involved goes beyond the field of the ordinary knowledge and experience of judges or jurors." (Internal quotation marks omitted.). LathamAssociates, Inc. v. William Raveis Real Estate, Inc., 218 Conn. 297,301, 589 A.2d 337 (1991).
An exception to the rule exists "where there is present such an obvious and gross want of care and skill that the neglect is clear even to a layperson." (Internal quotation marks omitted.). Davis v. Margolis, supra, 215 Conn. 416 n. 6; Puro v.Henry, 188 Conn. 301, 305, 449 A.2d 176 (1982) (stating that CT Page 11299 expert testimony is necessary in a medical malpractice action, "except where there is manifest such gross want of care of skill as to afford of itself, an almost conclusive inference of negligence. . . ."). The determination is made on a case by case basis. Evans v. Warden, State Prison, 29 Conn. App. 274, 281,613 A.2d 327 (1992).
Whether the exception applies is a question of law for the court. This is not a case which involves gross want of care and skill so obvious that the neglect is clear even to a layperson. Expert testimony would be necessary to establish the applicable standard of care with respect to the plaintiff's allegations of negligence. Absent evidence of the professional standard of care owed, which is required to prove a prima facie case of legal malpractice, the defendant's motion for summary judgment must be granted. Because the court finds in favor of the defendant on the necessity of expert testimony, it need not resolve the other claims raised in this motion.
Accordingly, for the reasons stated above, the defendant's motion for summary judgment is granted.
Martin, J.