[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO WITHDRAW AS SPECIALPUBLIC DEFENDER
I. FACTS
The petitioner, Bernard Bewry, seeks habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction of the crime of manslaughter in the first degree in violation of General Statutes § 53a-55(a)(1) in one trial, and of the crimes of criminal attempt to commit murder in violation of General Statutes §§ 53a-49(a)(2) and 53a-54a(a), and two counts of the crime of assault in the second degree in violation of General Statutes § 53a-60(a)(2) in a separate trial. As a result of these convictions, the petitioner is serving an effective prison sentence of seventy years. The Connecticut Appellate Court has affirmed the petitioner's conviction. See State v. Bewry, 26 Conn. App. 242,600 A.2d 787, cert. denied 221 Conn. 911, 602 A.2d 11 (1992).
The petitioner's pro se petition for writ of habeas corpus filed on April 7, 1993, alleges that his trial counsel rendered ineffective assistance at his criminal trial by not investigating properly, by failing to call professional witnesses to testify, by failing to challenge the credibility of the state's witnesses and by failing to suppress the defendant's confession. CT Page 3702
As a result of the petitioner's pro se petition, the court appointed a special public defender to represent the petitioner. The special public defender has concluded that there are no non-frivolous arguments in support of the petitioner's claims. Consequently, the special public defender has filed a motion and supporting memorandum to withdraw, requesting the court to withdraw the appearance of all public defenders. In response, the petitioner has filed a memorandum in opposition.
II. DISCUSSION
The right to appointed counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738,744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California, supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California, supra, 744-45; State v. Pasucci, supra, 385. The court then, proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
A. Petitioner's Ineffective Assistance of Counsel Claim
"The right to the effective assistance of counsel is firmly grounded in the mandates of the sixth amendment to the United States constitution, the fourteenth amendment to the United States constitution, and article first, section 8, of the Connecticut constitution. . . ." (Citations omitted.) State v. Mason, 186 Conn. 574,577, 442 A.2d 1335 (1982). The right to counsel, however, is the right to effective assistance and not the right to perfect representation. Commissioner of Correction v. Rodriguez, 222 Conn. 469,478, 610 A.2d 631 (1992). CT Page 3703
The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) to evaluate ineffective assistance of counsel claims. Copas v.Commissioner of Correction, 234 Conn. 139, 154, 662 A.2d 718
(1995); Ostolaza v. Warden, 26 Conn. App. 758, 761, 603 A.2d 768
(1992).
The test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Strickland v. Washington,466 U.S. 668, 694 (1984); Phillips v. Warden, 220 Conn. 112, 132,595 A.2d 1356 (1992). "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted). Fair v. Warden,211 Conn. 398, 402, 559 A.2d 1094 (1989) quoting Strickland v.Washington, supra, 466 U.S. 687.
The petitioner has the burden of identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland v. Washington, supra, 690; Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964
(1991). The court must then determine, whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Stricklandv. Washington, supra, 690; Fair v. Warden, 211 Conn. 398, 402-03,559 A.2d 1094 (1989); State v. Talton, 197 Conn. 280, 297,97 A.2d 35 (1985). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[1] Strickland v. Washington, supra, 689;Quintana v. Warden, 220 Conn. 1, 5, 593 A.2d 964 (1991).
In the present action, the petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to investigate whether the investigating detective had been arrested for illegally obtaining a prescription drug, whether the investigating detective had a personal drug problem during the investigation and whether the investigating detective had been suspended from the police force. Petitioner further asserts that trial counsel failed to challenge the testimony of state witness Glaister Gunter by not calling a doctor to testify that it was CT Page 3704 Gunter's cocaine use, rather than his being shot, which caused him to pass out. Petitioner also contends that the police illegally elicited his confession because the police told him that he could not leave until he gave a statement despite the fact that petitioner claims he was "in pain, cold, hungry, shivering and needed medical attention." As a result of this interrogation, petitioner contends that trial counsel should have called a doctor to testify about the petitioner's physical and mental state at the time of his confession.
The special public defender retained an expert, Attorney Julian Schlesinger, to review the petitioner's claims. The special public defender asserts that "after a complete review of the file and trial transcripts, [Attorney Schlesinger] would be unable to testify favorably to the petitioner."
Although the petitioner may not ultimately satisfy theStrickland test to prove ineffective assistance of counsel, the special public defender has failed to demonstrate that petitioner's claims are frivolous. In support of his motion to withdraw, the special public defender contends that he retained an expert to review the petitioner's claims. Although expert testimony need not be presented in every case raising a Strickland inquiry, Evans v.Warden, 29 Conn. App. 274, 280, 613 A.2d 327 (1992), in the present case, the special public defender sets forth the expert's conclusions as the only support for his motion to withdraw. Although the expert's conclusions may be valid, the record fails to establish any grounds as to what those conclusions were, or how those conclusions were reached. The special public defender does not provide the court with the expert's report or any reasons as to why the expert concluded that the petitioner's claims were frivolous. Moreover, the special public defender does not provide the court with any record of trial counsel's pre-trial investigation or preparation.
Before the court can determine that the petitioner's appeal is frivolous, the special public defender should indicate how the expert reached his conclusions. Specifically, he should have indicated whether trial counsel properly investigated the allegations of: (1) the investigating detective being arrested for drugs and (2) whether the investigating detective had a personal drug problem during the investigation and had been suspended from the police force. The special public defender should also indicate whether an expert was considered for the trial, the reasons an expert was not retained to testify that it was Gunter's cocaine CT Page 3705 use, rather than his being shot, which caused him to pass out, as well as the sufficiency of petitioner's confession.
It is counsel's duty to refer to anything that might support the petitioner's appeal. Anders v. California, supra, 744-45;State v. Pasucci, supra, 385. In the present action, the special public defender has not met that burden. The court cannot determine whether the petitioner's appeal is frivolous, solely
because the special public defender has reached such a conclusion. Although the court gives great deference to an attorney's trial decisions, without the reasons supporting these decisions, the court cannot conclude that there are no non-frivolous issues as to whether trial counsel's performance was outside the range of professionally competent assistance.
Whether the petitioner can satisfy the prejudice prong of theStrickland test by proving that, but for counsel's deficiency, the outcome of the proceeding would have been different, is a fact-based determination. Such issues are properly decided at trial and not by a motion to withdraw. See Phillips v. Warden, supra, 134.
Accordingly, the court denies the special public defender's motion to withdraw. Counsel shall promptly prepare for the Habeas Trial.
SO ORDERED,
BY THE COURT,
___________________________ Hon. Jonathan J. Kaplan Administrative Judge