ROBERT B. KUPSTIS *v.* ANDRE L. MICHAUD, JR., ET AL.
(13892)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued May 30—decision released June 26, 1990

*Michael A. D'Amico,* for the appellant (plaintiff).

*Robert J. Crean,* for the appellees (defendants).

PER CURIAM. The issue in this case is whether a disappointed litigant may object to an attorney trial referee's report because of unconscionable delay between the close of the proceedings before the referee and the filing of his report. The plaintiff, Robert B. Kupstis, sought specific performance of a contract for the sale of real estate from the defendants Andre and Gilberte Michaud. With the consent of the parties, the case was referred to an attorney trial referee who held hearings on October 7 and 16, 1987. Despite the fact that the referee's report was not filed until November 1, 1988, the trial court overruled the plaintiff's objection to the report and rendered judgment for the defendants in accordance with the recommendation of the report. The Appellate Court thereafter affirmed the judgment rendered; *Kupstis* v. *Michaud,* 20 Conn. App. 425, 567 A.2d 1253 (1990); and we granted certification to consider whether applicable statutory, procedural or constitutional provisions could afford relief to the plaintiff.[1]

---

[1] We granted the plaintiff's petition for certification; *Kupstis* v. *Michaud,* 214 Conn. 801, 569 A.2d 550 (1990); limited to the following question: "Did the attorney referee's delay in issuing his report violate (a) General Statutes § 51-183b; (b) applicable provisions of the Practice Book; or (c) the due process rights of the plaintiff under the United States Constitution or Article first, § 10, of the Connecticut Constitution?"

We do not condone the delay that occurred in this case and urge a change in the appropriate provisions of the Practice Book. After examining the record on appeal and considering the briefs and the arguments of the parties, we have, nonetheless, concluded that the appeal should be dismissed on the ground that certification was improvidently granted. Under existing legal principles, the governing law precludes the plaintiff's recovery for the reasons fully explained in the comprehensive opinion of the Appellate Court. The problem illuminated by this litigation calls for a change in the rules of practice that this court cannot enact.

The appeal is dismissed.