STATE OF CONNECTICUT *v.* STANLEY ZAKRZEWSKI
(10155)

DALY, LAVERY and HEIMAN, Js.

Argued December 6, 1991—decision released February 25, 1992

*Michael J. Isko,* assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Robin Lipsky,* deputy assistant state's attorney, for the appellee (state).

LAVERY, J. After a jury trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a, and of operating a motor vehicle while his license was suspended in violation of General Statutes § 14-215. In this appeal, the defendant claims that because he was indigent at the time of sentencing, the trial court improperly imposed a $4200 fine. We dismiss the defendant's appeal.

On May 6, 1990, the defendant was arrested for driving under the influence of liquor in the town of Southbury. He was subsequently charged with violations of both General Statutes §§ 14-227a and 14-215. After the

jury returned guilty verdicts on both counts, a sentencing hearing was held. At this hearing, the defendant asked the court to remit all or part of the fines because he was indigent. In support of his request, the defendant produced an affidavit of indigency, referred to the probation report corroborating that he had previously lost his business, and provided the court with a copy of *Williams* v. *Illinois,* 399 U.S. 235, 90 S. Ct. 2018, 26 L. Ed. 2d 586 (1970). The trial court refused to remit the defendant's fines, and sentenced him to a three year term of imprisonment and a $4200 fine on the count of driving while intoxicated,[1] and a thirty day term of imprisonment and a $200 fine on the count of driving with a suspended license, to be served consecutively. The defendant objected and took an exception to the imposition of the $4200 fine.

The defendant correctly asserts that an indigent defendant may not be forced to "work off" a fine by incarceration, resulting in imprisonment in excess of the maximum term of imprisonment authorized by the statute under which he was convicted. It is impermissible to incarcerate a convicted defendant beyond the statutory maximum solely because of his lack of ability to pay a fine. *Moscone* v. *Manson,* 185 Conn. 124, 130, 440 A.2d 848 (1981); see *Bearden* v. *Georgia,* 461 U.S. 660, 664, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983). In *Williams* v. *Illinois,* supra, 241–42, the United States Supreme Court noted that "once the State has defined the, outer limits of incarceration necessary to

---

[1] This was the defendant's fourth conviction for violating General Statutes § 14-227a. Section 14-227a (h) provides in pertinent part: "Any person who violates any provision of subsection (a) of this section shall . . . (4) for conviction of a fourth and subsequent violation within five years after a prior conviction for the same offense, be fined not less than two thousand dollars nor more than eight thousand dollars and imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license . . . permanently revoked upon such fourth offense."

satisfy its penological interests and policies, it may not then subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigency." In this case, however, the defendant is incarcerated pursuant to the sentence imposed under General Statutes §§ 14-227a and 14-215, not for his failure to pay the fine imposed under those statutes. Indeed, the defendant has over two years remaining on his sentence. It is undisputed that the trial court had the power to sentence the defendant and impose fines subsequent to his conviction under §§ 14-227a and 14-215.

The defendant contends that a hearing to determine indigency should be held at the time of sentencing, rather than at the expiration of his sentence. We disagree. Although the fine imposed is due immediately, the possibility that the defendant may be incarcerated for his failure to pay will not arise, as a practical matter, until he has served his sentence. *State* v. *Tomlin,* 478 So. 2d 622, 626 (La. 1985). The defendant may, in fact, be able to pay his fine at the expiration of his sentence.[2] If the defendant is unable to pay the fine at the expiration of his sentence, he will have remedies available. The defendant may request a hearing pursuant to Practice Book § 929 at a time before he is actually incarcerated for failure to pay the fine.[3] The defendant could use this remedy to prevent any incarceration caused by his inability to pay the fine. Alter-

---

[2] Although the state suggests numerous scenarios through which the defendant could earn wages or otherwise improve his financial status while in the custody of the department of correction, we decline to attempt an exhaustive catalog of the possibilities. Suffice it to say that there are many sources, ranging from work release programs to inheritance, from which the defendant may possibly receive money and gain the ability to pay his fine prior to the expiration of his sentence.

[3] Practice Book § 929 provides: "[PAYMENT OF FINES]——IN GENERAL

"No person shall be incarcerated as a result of his failure to pay a fine unless the judicial authority first inquires as to his ability to pay the fine."

natively, he could bring a habeas petition. We conclude that the defendant's claim is not yet ripe for review, because no penalty has been imposed for his failure to pay the fine.

The appeal is dismissed.

In this opinion the other judges concurred.