[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Michael J. Isko, Esq. Defense Counsel, for Petitioner.
Robert Brunetti, Esq. Assistant State's Attorney, for the state.
MEMORANDUM OF DECISION
BY THE DIVISION CT Page 2557
After trial by jury petitioner was convicted of driving under the influence in violation of General Statutes Section 14-227a and driving under suspension in violation of General Statutes Section 14-215. A sentence of three years and a $4,000 fine was imposed on the first count and a consecutive sentence of thirty days and a $200 fine was imposed on the second count. The net total sentence imposed was three years and thirty days with a $4,200 fine.
The facts underlying the conviction here indicate that on May 6, 1990 petitioner was stopped when state police observed him operating a motor vehicle on a public highway in an erratic manner. A breathalizer test indicated that petitioner's blood alcohol level was .181 and .177.
His license was suspended at the time he was stopped. This case represented petitioner's fourth subsequent conviction for operating under the influence within a five year period.
In arguing for a reduction petitioner's attorney claimed that the sentencing Judge did not use a balanced approach in considering punishment. While admitting petitioner's prior convictions it was claimed that all occurred within a short span of time. It was argued that petitioner was a good worker and should be released on probation so that he could pay the heavy fines imposed.
It was also argued that the fines were excessive and could result in excessive incarceration.
The state's attorney argued against reduction. He pointed out that while the present case represented petitioner's fourth conviction for operating under the influence within a five year period it was actually his fifth conviction for the offense. The attorney also pointed out that the second count involves driving under suspension for an alcohol related offense.
On the charge of operating under the influence CT Page 2558 petitioner was sentenced to the maximum term of incarceration authorized by the statute. The sentence imposed here was for petitioners fifth conviction for operating under the influence. He also had two prior convictions for operating under suspension and was operating under suspension at the time he was arrested for this offense.
The presentence investigation indicates that when interviewed petitioner did not recognize the seriousness of his offenses. The conclusion of the probation officer who prepared the report was that petitioner was stubborn in his attitude toward driving and drinking. Petitioner's few remarks at the time of sentencing are not at variance with this conclusion.
The legislature has prescribed maximum and minimum sentences and fines for operating under the influence and under suspension. These sanctions are the prime index of the gravity of the offenses. State v. Tucker, 219 Conn. 752, 759 (1991).
Considering all of the factors which this division is required to consider under Practice Book Section 942 it cannot be found that the sentence and fines imposed here are excessive or inappropriate. The sentences imposed were appropriate under the circumstances.
It cannot be found that fines imposed will result in an unjust or disproportionate sentence. See State v. Zakrzewski, 26 Conn. App. 716, (1992).
The sentence is affirmed.
PURTILL, JUDGE
KLACZAK, JUDGE
STANLEY, JUDGE
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision.