STATE OF CONNECTICUT *v.* FREDDY RIVERA
(10884)

O'CONNELL, FOTI and CRETELLA, Js.

Argued January 11—decision released March 9, 1993

*Joseph M. Shortall,* chief public defender, with whom, on the brief, was *John Papa,* supervisory assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Michael D. Glowa,* assistant state's attorney, for the appellee (state).

CRETELLA, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1).[1] The defendant claims that the trial court (1) failed to instruct the jury that the state had the burden to disprove beyond a reasonable doubt that the victim consented to sexual intercourse, and (2) improperly marshaled the evidence in favor of the state. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. After a night of bar hopping, drinking, and using cocaine, the defendant engaged in sexual intercourse with the victim. Although the defendant did not testify at trial, he introduced a statement that he had given to the police in connection with the incident. In the statement, the defendant acknowledged that he had engaged in sexual intercourse with the victim, but claimed that the victim had consented. The jury did not accept the defense of consent and found the defendant guilty of sexual assault in the first degree.

The defendant neither requested a charge on the issue of consent nor objected to the charge as given.

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person . . . or by the threat of use of force against such other person . . . which reasonably causes such person to fear physical injury . . . ."

Relying on *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), as refined in *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), and on the plain error doctrine, he now seeks review of his claim that the trial court failed to instruct the jury on consent. See Practice Book § 4185. The defendant acknowledges that the court charged the jury on each of the elements of the crime and instructed the jury that the state must prove each element beyond a reasonable doubt including the element relating to the use of force or the threat of use of force that serves to compel another to engage in sexual intercourse. The defendant, however, argues that the charge should have also included instructions that the state must disprove beyond a reasonable doubt that the victim consented. The defendant contends that proof beyond a reasonable doubt of the element of the use of force or the threat of force is not equivalent to disproving consent. The defendant's argument, however, is directly contrary to our case law. Where use of force or a threat of force is proven beyond a reasonable doubt, lack of consent is implicit. *State* v. *Mastropetre,* 175 Conn. 512, 516, 400 A.2d 276 (1978); *State* v. *Clinkscales,* 21 Conn. App. 411, 419, 574 A.2d 243 (1990). Because the use of force or a threat of use of force is essentially the converse of consent, no duty exists upon the court to instruct the jury as if it were a statutory element. *State* v. *Mackor,* 11 Conn. App. 316, 324, 527 A.2d 710 (1987). Accordingly, we reject the defendant's first claim as being contrary to the law.

The defendant also claims that the trial court improperly marshaled the evidence by weighting the charge to the jury so as to favor the state. We are not persuaded that the court unfairly emphasized the state's evidence.

Because the defendant did not raise the issue of the charge in the trial court, our review is limited to whether the court's conduct so deviated from the

requirement of impartiality that it deprived the defendant of a fair trial. *State* v. *Tatum,* 219 Conn. 721, 735, 595 A.2d 322 (1991). In our review, we focus on whether the jury reasonably understood from the instructions what the state's burden of proof was for each element of the crime charged. *State* v. *Vessichio,* 197 Conn. 644, 651, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986); *State* v. *Gilchrist,* 24 Conn. App. 624, 633–34, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991). We will not examine the challenged portion of the charge in isolation from the overall charge. *State* v. *Scognamiglio,* 202 Conn. 18, 27, 519 A.2d 607 (1987); *Sullivan* v. *Norwalk,* 28 Conn. App. 449, 456, 612 A.2d 114 (1992). "The whole charge must be considered from the standpoint of its effect on the jurors in guiding them to a proper verdict." (Internal quotation marks omitted.) *Sullivan* v. *Norwalk,* supra.

The trial court's general comments on the evidence during jury instructions simply summarized a limited portion of the victim's testimony to explain the elements of the crime. Since the state primarily relied on the victim's testimony, the court's reference to some of the evidence presented by the state was proper and did not unreasonably emphasize the state's evidence. The trial court's specific comments on the element of compulsion simply advised the jury that if such evidence was believed and established beyond a reasonable doubt, then such evidence relating to the use or movement of a knife would satisfy the element of compulsion.

The trial court's charge adequately guided the jury in its consideration of the elements of the crime charged. In addition, the trial court instructed the jury at least eight times that the state had the burden of proving each element of the crime beyond a reasonable doubt. Viewing the charge as a whole, we do not find

it reasonably possible that the jury was misled regarding the state's burden of proof on the elements of the crime.

The judgment is affirmed.

In this opinion the other judges concurred.