### STATE OF CONNECTICUT *v.* ROSCOE JOHNSON (14677)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and SANTANIELLO, Js.

Argued November 2—decision released December 7, 1993

---

*Richard Emanuel,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Richard L. Palombo, Jr.,* assistant state's attorney, for the appellee (state).

PER CURIAM. In this certified appeal, we granted permission to appeal limited to two issues, one concerning the timeliness of a challenge to the imposition of a fine on an arguably indigent defendant, and the other concerning the constitutionality of a jury instruction on reasonable doubt.[1] The defendant, Roscoe Johnson, was convicted, after a jury trial, of possession of narcotics with intent to sell, in violation of General Statutes § 21a-277 (a).[2] The trial court sentenced the defendant to the statutory maximum of fifteen years

---

[1] This court's order granted the defendant's petition for certification to appeal, limited to the following issues:

"1. Did the Appellate Court correctly conclude that an arguably indigent defendant, who has been sentenced to a maximum term of imprisonment of fifteen years and the maximum fine of $50,000 for a single offense, may not challenge the imposition of that fine until he has served the fifteen year sentence?

"2. Did the Appellate Court correctly conclude that the trial court's definition of a reasonable doubt as 'a doubt for which a valid reason may be assigned,' was not reviewable, or if it was reviewed on its merits, was not erroneous?" *State* v. *Johnson,* 224 Conn. 927, 619 A.2d 851 (1993).

[2] General Statutes § 21a-277 provides in relevant part: "PENALTY FOR ILLEGAL MANUFACTURE, DISTRIBUTION, SALE, PRESCRIPTION, DISPENSING. (a) Any person who . . . possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

imprisonment and imposed a fine of $50,000. The Appellate Court affirmed the judgment. *State* v. *Johnson,* 29 Conn. App. 584, 617 A.2d 174 (1992). Having decided that our grant of certification was improvident, we now dismiss the defendant's appeal to this court.

Both issues on which we granted certification were fully considered and properly resolved against the defendant in the well reasoned opinion of the Appellate Court. Id., 589–90. Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that it would serve no useful purpose to repeat the discussion contained in the Appellate Court's opinion.

The impact of indigency on a criminal defendant's liability to pay a fine is codified in Practice Book § 929. Section 929 provides: "No person shall be incarcerated as a result of his failure to pay a fine unless the judicial authority first inquires as to his ability to pay the fine." This section is rooted in the constitutional principle that the state may not "subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigency." *Williams* v. *Illinois,* 399 U.S. 235, 241–42, 90 S. Ct. 2018, 26 L. Ed. 2d 586 (1970); see also *Bearden* v. *Georgia,* 461 U.S. 660, 664, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983); *Moscone* v. *Manson,* 185 Conn. 124, 130, 440 A.2d 848 (1981); *State* v. *Zakrzewski,* 26 Conn. App. 716, 718, 603 A.2d 432 (1992). In the circumstances of the present case, however, in which the sentence imposed upon a criminal defendant includes a term of imprisonment as well as a fine, § 929 provides no specific guidance concerning the time when a judicial inquiry into indigency should be conducted. Although a clarifying amendment of the rules of practice to address the problem illuminated by this case might well be desirable, this court does not sit as the

Rules Committee of the Superior Court. See *State* v. *Jennings,* 216 Conn. 647, 665 n.11, 583 A.2d 915 (1990); *Kupstis* v. *Michaud,* 215 Conn. 435, 437, 576 A.2d 152 (1990).

The appeal is dismissed.