STATE OF CONNECTICUT *v.* FREDDY CHICO RIVERA
(14753)

PETERS, C. J., BORDEN, BERDON, HEIMAN and SCHALLER, Js.

Argued February 17—decision released March 15, 1994

*Joseph M. Shortall,* chief public defender, with whom, on the brief, was *John Papa,* supervisory assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Michael D. Glowa,* assistant state's attorney, for the appellee (state).

PER CURIAM. In this certified appeal, we granted the defendant permission to appeal one issue concerning

the constitutional propriety of a jury instruction in a sexual assault case.[1] After a jury trial, the defendant, Freddy Rivera, was convicted of the crime of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1).[2] The trial court rendered a judgment sentencing the defendant to fifteen years imprisonment, execution suspended after twelve years and probation for four years. The Appellate Court affirmed the judgment of the trial court. *State* v. *Rivera,* 30 Conn. App. 523, 621 A.2d 298 (1993).

With respect to the certified issue, the defendant maintained in the Appellate Court that he was entitled to a new trial because the trial court had improperly failed to instruct the jury expressly that, once consent has been raised as an issue in a sexual assault case, the state must disprove beyond a reasonable doubt that the victim consented. Id., 525. The defendant had neither requested such a charge at trial nor objected to the charge as given. Id., 524. He sought appellate review of the charge pursuant to *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). The Appellate Court concluded that "[w]here use of force or a threat of force is proven beyond a reasonable doubt, lack of consent is implicit. . . . Because the use of force or a threat of use of force is essentially the converse of consent,

---

[1] This court's order granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court, in approving the trial court's failure to instruct on the state's burden to disprove the defense of consent beyond a reasonable doubt in a sexual assault case where consent was the only issue, deprive the defendant of his constitutional right to establish a defense?" *State* v. *Rivera,* 225 Conn. 924, 625 A.2d 825 (1993).

[2] General Statutes § 53a-70 provides in relevant part: "SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person . . . or by the threat of use of force against such other person . . . which reasonably causes such person to fear personal injury to such person . . . ."

no duty exists upon the court to instruct the jury as if [lack of consent] were a statutory element." (Citations omitted.) *State* v. *Rivera,* supra, 30 Conn. App. 525. The Appellate Court accordingly held that the defendant could not prevail on this claim of law. Id.

Having examined the record on appeal and studied the briefs and the arguments of the parties, we conclude that the issue on which we granted certification was fully considered and properly resolved against the defendant in the well reasoned opinion of the Appellate Court. Id., 525–26. It would serve no useful purpose for us to repeat the discussion contained therein. See *State* v. *Johnson,* 228 Conn. 59, 61, 634 A.2d 293 (1993); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment is affirmed.