[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
On June 5, 1992, the plaintiff, Gabriella Gumpert filed this product liability action against the defendants, Ore-Ida Foods, Inc., Weight Watcher's Food Co., Inc., and Stop Shop Holdings, Inc. The plaintiff alleges that she was injured when she ate glass particles that were in a package of "Weight Watchers Homestyle Chicken and Noodles" from the product line of Ore-Ida Foods, Inc. that she purchased from Stop Shop, Inc. On July 31, 1992, the action was withdrawn as to the defendant, Ore-Ida Foods, Inc.
The case was tried before Attorney Trial Referee Terence Mariani (referee) from March 9, 1993, to March 16, 1993.
On April 16, 1993, the parties filed trial briefs. On August 16, 1993, the parties agreed to extend the 120-day time limit for the filing of the decision by 60 days .
On March 31, 1994, the referee filed his report in favor of the plaintiff. On April 14, 1994, the defendants filed an objection to acceptance of the attorney trial referee's decision on the ground that the report was filed beyond the prescribed time limit. The defendants have also filed a memorandum of law. On May 9, 1994, the defendants filed a supplemental memorandum of law. On May 10, 1994, the plaintiff filed a memorandum in opposition.
Practice Book § 430A provides that "[a]n attorney trial referee to whom a case has been referred shall file a report with the clerk of the court, with sufficient copies for all counsel, within one hundred and twenty days of the completion of the trial before such referee." A party must object to the acceptance of the report within two weeks after it is filed "on the ground that . . . there are other reasons why the report should not be accepted." Practice Book §§ 440, 441. The court may CT Page 6650 reject a report if there is a sufficient reason why the report should not be accepted. Practice Book § 443. If the report is rejected, the court may refer the matter back to the factfinder for a new trial or revoke the reference and let the case go forward in the Superior Court. Id.
The defendants argue that the referee failed to file a report within 120 days plus a 60 day extension of the filing of the trial briefs on April 16, 1993, and that the remedy for untimely filing should be revocation of the report and a new trial.
The plaintiff argues that the legislature did not specify a remedy in Practice Book § 430A, and therefore, the court may use its equitable powers to fashion a remedy. In addition, the plaintiff argues that the role of an attorney trial referee, who cannot enter judgment, is significantly different from the role of a superior court judge so that there should not be the same remedy for filing a report beyond the prescribed time limit.
The plaintiff argues further that the defendant consented to an extension by failing to object to the decision when the time limitation had lapsed and that the plaintiff will be prejudiced if she has to miss work and pay an expert for a second trial.
In Kupstis v. Michaud, 215 Conn. 435, 576 A.2d 152
(1990), the court previously declined to extend the 120-day limitation for judges contained in General Statutes § 51-183b[1] stating that, while it does not condone an attorney trial referee filing a report beyond the one hundred and twenty days, an objection to the report on the ground that it was not timely filed could not be sustained under the existing rules of practice. The court stated further that "[t]he problem illuminated by this litigation calls for a change in the rules of practice that this court cannot enact." Id., 437.
The court held that "`[t]he time limitations of General Statutes § 51-183b only apply to judges and "any trial referee who has the power to render judgments." We have ruled . . . that attorney trial referees do not have the power to render judgments. Consequently they are exempt from the 120 day time restraint."' Kupstis v. Michaud, 20 Conn. App. 425, 418,567 A.2d 1253 (1989), aff'd, Kupstis v. Michaud, supra,215 Conn. 435. CT Page 6651
Subsequently, Practice Book § 430A was adopted to take effect on October 1, 1990. The Appellate Court and Supreme Court have not interpreted the effect of violating the one hundred and twenty day rule prescribed by Practice Book § 430A. But see Holly Hill Holdings v. Lowman], 30 Conn. App. 204,213-14, 619 A.2d 853, aff'd, 226 Conn. 748, 628 A.2d 1298 (1993) (Practice Book § 430A is substantive and cannot be applied retroactively). One Superior Court case has interpreted § 430A as directory rather than mandatory, as the report of an attorney trial referee is not subject to the same jurisdictional restraints as a judgment and "[t]he purpose of the rule is to expedite judicial business, not to create more procedural technicalities in civil cases." Bishop v. Hastings,7 Conn. L. Rptr. 218, 219 (July 30, 1992, Fuller, J.), aff'd on other grounds, 33 Conn. App. 933, ___ A.2d ___ (1994). Following this reasoning, the court concluded that the remedy for violating the on hundred and twenty day rule as applied to attorney trial referees was within the discretion of the trial court. "The remedy for tardy [attorney trial referees] who violate the 120-day rule is for a judge to revoke the reference depending on the situation presented, the position of the parties, the reason for the delay, and whether revocation of the reference at that time would be productive or counter-productive., Id.
The attorney trial referee violated the one hundred and twenty day rule.
The court concludes the revocation of the reference would be counter productive and would not serve the ends of justice.
The defendants' objection to the memorandum of decision by the attorney trial referee is overruled.