Napier Talton *v.* Warden, State Prison
(14874)

Peters, C. J., and Callahan, Borden, Berdon and Norcott, Js.

Argued September 28—decision released October 25, 1994

*James Moreno,* special public defender, for the appellant (petitioner).

*John A. East III,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Christopher A. Alexy,* assistant state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner, Napier Talton, filed a petition for a writ of habeas corpus to set aside, on the grounds of lack of due process and of ineffective assistance of counsel, his conviction for sexual assault in the first degree and for being a persistent felony offender.[1] After an evidentiary hearing, the habeas court rendered a judgment dismissing the petition. The court concluded that the petitioner's claim of a due process violation based on an allegation of actual innocence could not be sustained because of a lack of credible evidence. The court further concluded that his claim of ineffective assistance of counsel could not be sustained because of a lack of a showing of prejudice. The Appellate Court affirmed the judgment of the habeas court in every respect. *Talton* v. *Warden,* 33 Conn. App. 171, 634 A.2d 912 (1993). We granted the petitioner's request for certification to appeal the same issues that he had presented to the habeas court and the Appellate Court.[2]

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion

---

[1] The petitioner's conviction was affirmed in *State* v. *Talton,* 197 Conn. 280, 497 A.2d 35 (1985).

[2] We granted certification to appeal, limited to the following questions:

"1. Did the Appellate Court correctly conclude that, based on the record of the habeas proceeding, the habeas court properly determined that the recantation testimony of the victim-witness was not credible?

"2. If the recantation testimony of the victim-witness was credible, did the Appellate Court properly decline to find that the appellant's due process rights were violated?

"3. Did the Appellate Court properly conclude that the appellant failed to establish that he was fatally prejudiced by his trial counsel's arguably deficient performance and therefore that he was not denied his constitutional right to effective assistance of counsel?" *Talton* v. *Warden,* 228 Conn. 919, 636 A.2d 850 (1994).

therein contained. *State* v. *Rivera,* 228 Conn. 756, 758, 638 A.2d 34 (1994); *State* v. *Johnson,* 228 Conn. 59, 61, 634 A.2d 293 (1993); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.