WILLIAM BETHEA *v.* COMMISSIONER OF CORRECTION
(13068)

FOTI, LAVERY and HEIMAN, Js.

Argued October 25, 1994—decision released January 24, 1995

*Paula Mangini Montonye,* assistant public defender, for the appellant (petitioner).

*James A. Killen,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* chief state's attorney, for the appellee (respondent).

FOTI, J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner asserts that the habeas court improperly concluded that he had failed to prove that he was denied the effective assistance of counsel. We affirm the judgment of the habeas court.

In July, 1989, the petitioner was convicted of kidnapping in the first degree in violation of General Stat-

utes § 53a-92 (a) (2) (A), assault in the second degree in violation of General Statutes § 53a-60 (a) (2), and attempted sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70 (a).[1] He was sentenced to a term of imprisonment of thirty-five years, suspended after twenty-five years, followed by five years probation. We affirmed the petitioner's conviction on direct appeal. *State* v. *Bethea*, 24 Conn. App. 13, 585 A.2d 1235, cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991). On August 5, 1992, the petitioner filed a third amended petition for a writ of habeas corpus, consisting of three counts, in which he alleged that he had been denied his state and federal constitutional rights to the effective assistance of trial counsel. The habeas court heard testimony on two separate days and filed its memorandum of decision, dismissing the petition, on November 4, 1993. The habeas court concluded that the petitioner had not proven prejudice in that he did not show that the alleged incompetence actually affected the outcome of the trial.

The habeas court noted that the petitioner had repeatedly requested that his special public defender be replaced and that the petitioner became unruly at times during the trial. At no time did defense counsel request an examination of the petitioner under General Statutes § 54-56d.[2] The habeas court also noted that there was "some indication that [defense counsel],

---

[1] The underlying facts of the petitioner's convictions are set forth in *State* v. *Bethea*, 24 Conn. App. 13, 585 A.2d 1235, cert. denied, 218 Conn. 901, 588 A.2d 1076 (1991).

[2] General Statutes § 54-56d provides in pertinent part: "(a) . . . A defendant shall not be tried, convicted or sentenced while he is not competent. . . . [A] defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense. . . .

"(c) . . . If at any time during a criminal proceeding it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency."

faced with the demands of the preparation and presentation of evidence at a serious felony trial without assistance, relied upon the intervention of [the trial judge] to evaluate the competency of his client and some indication that a series of chambers conferences considered the petitioner's competency. Unquestionably, this examination did not include any expert examination of the petitioner or review by a psychiatrist of the available records." The habeas court concluded that the petitioner had not sustained his burden of affirmatively proving prejudice; he did not show that there existed a reasonable probability that but for counsel's unprofessional error in not requesting an examination under § 54-56d, the results of the trial would have been different.

The petitioner alleges that "[i]t is clear from the decision of the habeas court that it misapplied the prejudice prong of *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. The habeas court chose to deny the petitioner's claim by simply addressing the prejudice prong of the standard without any reference to the first prong. . . . [It] neglected to relate its analysis of the prejudice prong to any of the claimed deficiencies in counsel's performance." The petitioner also claims that the habeas court did not apply the appropriate standard for prejudice under *Strickland*. He argues that the court applied a "harmfulness" test rather than the appropriate test of whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. The petitioner posits that confidence in the outcome of the proceedings was undermined because counsel failed to investigate the petitioner's psychiatric history, and he failed to request an examination under § 54-56d. The petitioner claims that counsel's failure to do so, in light of the circumstances of the petitioner's behavior at trial, means that

there is a reasonable probability that the petitioner was tried while he was incompetent. We do not agree.

We have recently noted that, in order to prevail on a constitutional claim of ineffective assistance of counsel under the two-pronged analysis of *Strickland*, "the petitioner must demonstrate *both* (1) deficient performance and (2) *actual* prejudice." (Emphasis added.) *Talton* v. *Warden*, 33 Conn. App. 171, 182, 634 A.2d 912 (1993), aff'd, 231 Conn. 274, 648 A.2d 876 (1994). "To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable. . . . The second prong is thus satisfied if the petitioner can demonstrate . . . that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . ." (Citations omitted; internal quotation marks omitted.) Id., 183, quoting *Davis* v. *Warden*, 32 Conn. App. 296, 303, 629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. . . . A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." (Citation omitted; internal quotation marks omitted.) *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988).

Here, the petitioner's burden was not met, as he failed to demonstrate that there existed "a reasonable probability that, absent [the unprofessional errors by counsel], the factfinder would have had a reasonable doubt respecting guilt." *Strickland* v. *Washington*, supra, 466 U.S. 695. This is the standard that was applied by the habeas court in this case. The court, hav-

ing found that the second prong of *Strickland,* the actual prejudice requirement, had not been met, properly went no further and had no need to refer to the first prong.

The habeas court understood the petitioner to be arguing that there should be a new per se rule of prejudice when counsel fails to request a needed competency examination. The court refused to create such a rule. The petitioner asserts that the court has "misinterpreted" his claim of prejudice. The petitioner argues that if competency is questioned and a competency examination is necessary, but no examination is requested by counsel, "then there is a reasonable probability that the defendant was tried while he was incompetent, which violates his right to due process which has 'prejudiced' the defendant." Our review of the whole record leads us to conclude that the habeas court correctly determined that the petitioner had not sustained his burden of showing that he was tried while he was in fact incompetent so as to be unable to assist in his own defense. While the habeas court might have agreed that counsel's failure to seek an examination under § 54-56d was in some manner deficient, we cannot conclude that that error is the equivalent of actual prejudice.[3] Even if the petitioner had been able to demonstrate to the habeas court that he was either mentally ill or mentally disabled at the trial,[4] this would

---

[3] The habeas court had before it some evidence that the petitioner planned to obstruct the trial because he was unhappy with the way it was going. He wanted either to delay the trial or to have his attorney replaced.

[4] "The record reveals that the court's observation at trial was that the defendant was not mentally ill and found that there was no apparent need to order the readministration of his psychiatric medication by prison officials. The observations and findings of the trial court must be accorded great weight. The court had ample first hand knowledge of the defendant on which to make an informed judgment and its denial of the motion for a psychiatric examination [a presentence evaluation pursuant to General Statutes § 17-244] was not an abuse of discretion." *State* v. *Bethea,* supra, 24 Conn. App. 23–24.

not suffice for purposes of prejudice unless he showed that his condition precluded him from assisting in his own defense. Such a showing would allow a habeas court to conclude that, because of the unprofessional error of trial counsel in not requesting an examination under § 54-56d, the petitioner was unable to assist in his own defense, thereby sustaining an actual prejudice and not a speculative one.

The petitioner argues that to convict an incompetent person is a per se due process violation. The petitioner fails, however, to point to any specific part of the record that demonstrated, to the habeas court, that he was in fact incompetent and unable to assist in his own defense. The petitioner has also failed to demonstrate that the convictions are unreliable, or that, but for counsel's failure to request an examination, the outcome of the trial would have been significantly affected. Nor has he shown that his defense would have been different, or was improper, because of his being unable to assist in his own defense.[5]

Lastly, the petitioner argues that the habeas court's factual analysis of his claim of ineffective assistance of counsel was clearly erroneous. We have reviewed the record and briefs and find no merit to this claim.

We, therefore, conclude that the evidence supports the habeas court's finding that the petitioner failed to establish prejudice even if we assume that he had successfully established a deficient performance by counsel.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The petitioner was acquitted on a sexual assault charge. The petitioner does not dispute that his defense counsel was in the best position to observe whether he was able to assist in his own defense, or was able to function so as to aid counsel. The petitioner, however, notes that the habeas court did not indicate that it had credited trial counsel's testimony in any fashion.