[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO DISMISS
On November 21, 1995, the petitioner, Jeffrey A. Kurtz, filed an amended petition seeking a writ of habeas corpus. The respondent, Leonard Barbieri, now moves to dismiss the amended: petition, claiming that the court lacks subject matter jurisdiction.
The amended petition alleges that the petitioner is currently serving in the custody of the respondent a total effective CT Page 2750 sentence of 10 years which commenced on May 26, 1989.[1] On or about April 19, 1993, while the petitioner was in the custody of the respondent, the respondent allegedly amended Administrative Directive 9.5, also known as the Code of Penal Discipline (hereinafter referred to as "1993 Directive"). The 1993 Directive allegedly provides that an inmate's statutory good time, forfeited for disciplinary reasons, may be restored if the inmate remains without a Class A Violation for twelve (12) months; a Class B Violation for six (6) months; and a Class C violation for four (4) months.
The amended petition alleges that on August 2, 1993, the petitioner was issued a Class A disciplinary ticket, and as a result he lost thirty days of earned statutory good time. On August 3, 1993, the petitioner allegedly received two additional Class A disciplinary tickets, and consequently lost an added one hundred eighty days of earned statutory good time. Thereafter, on August 16, 1993, the petitioner received two more Class A disciplinary tickets, resulting in the loss of an additional one hundred thirty nine days of earned statutory good time. In all, the petitioner alleges that he lost a total of three hundred forty nine days of earned statutory good time as a result of the aforementioned Class A disciplinary violations.
On February 7, 1994, the amended petition alleges that the respondent further amended the 1993 Directive. The new amended version (hereinafter referred to as "1994 Directive") allegedly increased the time period an inmate must remain without a disciplinary violation in order to have forfeited good time restored. In order to have forfeited statutory good time restored, the 1994 Directive allegedly requires an inmate to remain discipline free for sixty (60) months for a Class A Violation; forty eight (48) months for a Class B Violation; and thirty six (36) months for a Class C violation.
The amended petition alleges that the respondent has informed the petitioner that the 1994 Directive applies retroactively. The respondent has allegedly refused to restore the petitioner's forfeited statutory good time because the petitioner has not remained discipline free for a period of sixty months from the time of his August 1993 Class A violations.
The petitioner alleges that the respondent's retroactive application of the 1994 Directive is unlawful and improper for several reasons. First, the petitioner claims that the 1994 CT Page 2751 Directive is unenforceable under General Statutes § 4-168(h) because the respondent failed to comply with General Statutes § 4-168. Second, the petitioner claims that the retroactive application of the 1994 Directive has lengthened the period of the petitioner's confinement and thereby constitutes cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution. Third, the petitioner claims that the retroactive application of the 1994 Directive violates the ex post facto clause of Article I, Section 9 and 10 of the United States Constitution. Lastly, the petitioner claims that pursuant to the 1993 Directive, in effect when his statutory good time was forfeited, the petitioner is eligible for the restoration of his forfeited statutory good time as soon as he accumulates 365 days during which he did not receive a Class A violation. The petitioner asserts that over the years he has accumulated 365 days during which he did not receive a Class A violation, and therefore he is now entitled to the restoration of his forfeited statutory good time.
Accordingly, the petitioner seeks an order by the court enjoining the respondent from applying the 1994 Directive retroactively to the petitioner's August 1993 violations. Furthermore, the petitioner seeks an order requiring the respondent to permit the petitioner to apply for the restoration of his forfeited statutory good time.
The respondent has moved to dismiss the amended petition on the ground that the court lacks subject matter jurisdiction. The respondent first argues that the court lacks subject matter jurisdiction because the petitioner has failed to demonstrate a liberty interest that is subject to protection under the writ of habeas corpus. While the respondent concedes that the loss of earned statutory good time is a liberty interest cognizable in the habeas corpus forum; citing Flaherty v. Warden, 155 Conn. 36,229 A.2d 362 (1967); the respondent asserts that the petitioner is not challenging his loss of statutory good time but is instead claiming that the respondent must return his forfeited statutory good time. The respondent contends that the petitioner has no right to compel the respondent to consider an application for the restoration of good time or to grant such an application. Therefore, the respondent argues that the petitioner has failed to allege a cognizable habeas corpus claim, and thus, the court must dismiss the amended petition for lack of subject matter jurisdiction. CT Page 2752
Furthermore, the respondent argues that the amended petition should be dismissed because the controversy is not ripe for judicial determination. The respondent claims that the petitioner is not, and never has been, eligible to apply for the restoration of his forfeited statutory good time under the 1993 Directive. Therefore, the respondent argues that the petitioner cannot claim that his continued detention is caused by the respondent's improper retroactive application of the 1994 Directive. The respondent argues that even if the retroactive application of the 1994 Directive is improper, the petitioner must await until he is eligible under the 1993 Directive to apply for the restoration of his good time, and then denied the right to apply by the respondent before a justiciable issue arises for the court.
In response the petitioner argues that the loss of statutory good time is a liberty interest cognizable under a writ of habeas corpus. The petitioner claims that the 1994 Directive is unenforceable because the respondent failed to comply with General Statutes § 4-168, as required by General Statutes § 18-78a. Because the 1994 Directive increases the amount of time an inmate must remain discipline free before being able to apply for the restoration of his or her forfeited statutory good time, the petitioner argues that the retroactive application of this unenforceable Directive directly affects his release date. Therefore, the petitioner argues that the respondent's motion to dismiss should be denied.
It is unnecessary for the court to address the propriety of applying the 1994 Directive retroactively because the court agrees with the respondent, for the following reasons, that the controversy is not ripe for judicial determination.
The lack of subject matter jurisdiction is properly raised in a motion to dismiss. P.B. § 142. Ripeness is a matter of subject matter jurisdiction because a claim that is not ripe is not justiciable. Cf. Sadloski v. Manchester, 228 Conn. 79, 83,634 A.2d 888 (1993) (standing, which is also an issue of justiciability invokes subject matter jurisdiction). "`Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . .; (2) that the interests of the parties be adverse . . .; (3) that the matter in controversy be capable of being adjudicated by judicial power . . .; and (4) that the determination of the controversy will result in practical relief to the complainant.'" Pellegrinov. O'Neill, 193 Conn. 670, 674, 480 A.2d 476, cert. denied, CT Page 2753469 U.S. 875, 105 S.Ct. 236, 83 L.Ed.2d 176 (1984).
In State v. Zakrzewski, 26 Conn. App. 716, 603 A.2d 432
(1992), cited by Molinas v. Commissioner of Correction, 231 Conn. 514,525, 652 A.2d 481 (1994), the defendant was convicted of operating a motor vehicle in violation of General Statutes § 14-227a, and of operating a motor vehicle in violation of General Statutes § 14-215. Id., 717. The trial court sentenced the defendant to an effective sentence of three years and thirty days, and imposed a total fine upon the defendant of $4,400.00. Id., 718. The defendant objected and took an exception to the imposition of $4,200.00 of the total fine.[2]
On appeal, the defendant argued that it was improper for the trial court to impose the fine because the defendant was indigent at the time of sentencing. Id., 717. The Appellate Court stated that "[i]t is impermissible to incarcerate a convicted defendant beyond the statutory maximum solely because of his lack of ability to pay a fine . . . . In this case, however, the defendant is incarcerated pursuant to the sentence imposed under General Statutes §§ 14-227a and 14-215, not for his failure to pay the fine imposed under those statutes. Indeed, the defendant has over two years remaining on his sentence." (Citations omitted.) Id., 718-19. The Appellate Court continued: "Although the fine imposed is due immediately, the possibility that the defendant may be incarcerated for his failure to pay will not arise, as a practical matter, until he has served his sentence . . . . The defendant may, in fact, be able to pay his fine at the expiration of his sentence. If the defendant is unable to pay the fine at the expiration of his sentence, he will have remedies available . . . . We conclude that the defendant's claim is not yet ripe for review, because no penalty has been imposed for his failure to pay the fine." (Citations omitted; internal footnote omitted.) Id., 719-20. See also State v.Johnson, 29 Conn. App. 584, 589, 617 A.2d 174 (1992) ("a challenge to the fine imposed is not ripe for review until the failure to pay becomes the cause of any prolonged incarceration"), appeal dismissed, 228 Conn. 59, 634 A.2d 293
(1993). The Appellate Court accordingly dismissed the defendant's appeal. State v. Zakrzewski, supra, 26 Conn. App. 720.
Similarly, in the present case, the controversy is not ripe for judicial determination until the respondent's alleged retroactive application of the 1994 Directive is the cause of the petitioner's claimed wrongful detention. The petitioner claims CT Page 2754 that the respondent's improper retroactive application of the 1994 Directive causes the petitioner to become ineligible for the restoration of his forfeited statutory good time; whereas, under the 1993 Directive, the petitioner claims he is eligible for the restoration of his forfeited statutory good time. Even assuming; for the purposes of this discussion that the 1994 Directive is unenforceable, the petitioner is still not entitled to apply for or receive the restoration of his forfeited statutory good time under the 1993 Directive. Therefore, the petitioner cannot claim, as he does, that it is the respondent's retroactive application of the 1994 Directive that is the cause of his inability to apply for the restoration of his forfeited statutory good time.
Paragraph 37 of the 1993 Directive, in effect on April 19, 1993, states in relevant part:
 Good Time Restoration. Upon application by the inmate the Unit Administrator may recommend to the Commissioner that all or any portion of lost statutory good time be restored. Such recommendation should be based on exemplary conduct and outstanding performance. At a minimum the inmate shall meet the following requirements in order to be considered for statutory good time restoration.
 A. No conviction for a Class A misconduct within 12 months; Class B misconduct within six (6) months; and Class C misconduct or Informal Disposition within four (4) months prior to application.
 B. Favorable work evaluation for six (6) months prior to application.
 C. Successful participation in any available recommended program for six (6) months prior to application.
 D. No increase in classification risk level within last 12 months.
(Emphasis added.)
By the express terms of the 1993 version of Directive 9.5, in CT Page 2755 order to be considered for statutory good time restoration, an inmate must have, among other things, no convictions for a Class A misconduct within 12 months prior to the date of application; no convictions for a Class B misconduct within 6 months prior to the date of application; and no convictions for a Class C misconduct or Informal Disposition within 4 months prior to the date of application.
The amended petition alleges that on August 16, 1993, the petitioner received two Class A violations that brought his total forfeited statutory good time to three hundred forty nine days. Therefore, the earliest the petitioner would be eligible to apply for the restoration of his forfeited good time under the 1993 Directive would be August 16, 1994. A computer printout of the petitioner's disciplinary history, attached to the respondent's brief in support of his Motion to Dismiss, however, reveals that the petitioner has been cited for, and subsequently convicted of, several violations since August 16, 1993. On May 17, 1994, the petitioner was cited for bartering, a Class B violation; June 2, 1994, the petitioner was cited for disobeying a direct order, a Class B violation; June 6, 1994, the petitioner was cited for disobeying a direct order, a Class B violation; January 21, 1995, the petitioner was cited for refusal to give a specimen, a Class A violation; August 6, 1995, the petitioner was cited for insulting; language or behavior, a Class B violation; and, August 6, 1995, the petitioner was cited for assault on a Department of Correction employee, a Class A violation.
The petitioner does not dispute that the computer report correctly portrays his disciplinary history. Moreover, the petitioner has failed to dispute the respondent's claim that there was never a time under the 1993 Directive that the petitioner was eligible to apply for restoration of good time.[3]
The petitioner has therefore failed to meet the 1993 Directive's criteria for the restoration of forfeited good time. Based upon the petitioner's disciplinary report, it would be difficult to say that the Unit Administrator should have recommended the petitioner for restoration of good time based upon his "exemplary conduct and outstanding performance."
Moreover, the petitioner does not dispute the respondent's claim that there has not been a day since August 16, 1993, that the petitioner could have applied for the restoration of his good time and claimed that prior to the date of his application, he had not been convicted for a Class A violation within 12 months CT Page 2756 or a Class B violation for 6 months. The court further rejects any theory proposed by the petitioner that an inmate may bank days that he or she was not convicted of a violation and later cash them in to meet the discipline free requirement imposed by the Directive: The 1993 and 1994 Directives both state that an inmate must be discipline free within the required time "prior to application.
Thus, it cannot be said that the cause of the petitioner's ineligibility to apply for the restoration of his forfeited good time is the respondent's allegedly wrongful retroactive application of the 1994 Directive. The petitioner's claim is therefore not ripe for review. See Id.
Accordingly, the amended petition is dismissed.
SO ORDERED:
WILLIAM J. SULLIVAN, JUDGE.