[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for money damages on account of personal injuries allegedly sustained in a motor vehicle accident involving two vehicles. The plaintiff has moved for permission to serve additional disclosure and production. The defendants object.
Practice Book § 223 provides in relevant part: "In all personal injury actions except those alleging death or product liability, the interrogatories served shall be limited to those set forth in Practice Book Forms 106.10A and 106.10B, unless upon motion, the court determines that such interrogatories areinappropriate or inadequate in the particular action." (Emphasis added.) The plaintiff does not point to anything in this "particular action" that renders the standard interrogatories CT Page 7077 "inappropriate or inadequate". To grant such motions as this, which cross the desks of superior court judges with ever-increasing frequency, would undermine Practice Book §§ 223, 227. "Either we adhere to the rules or we do not adhere to them." Osborne v. Osborne, 2 Conn. App. 635, 639 (1984). "[T]his court does not sit as the Rules Committee of the Superior Court. See State v. Jennings, 216 Conn. 647, 665 n. 11,583 A.2d 915 (1990); Kupstis v. Michaud, 215 Conn. 435, 437, 576 A.2d 152
(1990)." State v. Johnson, 228 Conn. 59, 61-62, 634 A.2d 293
(1993); see McLeod v. Mario's Body Shop, Inc., Superior Court, Judicial District of Fairfield, No. 328196 (1996); Grable v.Krasowski, Superior Court, Judicial District of Fairfield, No. 334823 (1996): Roth v. Burke, Superior Court, Judicial district of Fairfield, No. 324533 (1996).
The motions (#119, 120, 121) are denied. The objection is sustained.
BY THE COURT
Bruce L. LevinJudge of the Superior Court