[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking money damages for personal injuries arising out of a motor vehicle accident. The defendants filed a "motion to serve additional disclosure and production" which the court granted on October 29, 1996 "absent objection". In fact, an objection, while not yet in the court's file, apparently had been filed. The plaintiff made a motion to reargue the defendants' motion which the court (Melville, J.) granted.
I
CT Page 7078
The defendant observes that the plaintiff claims loss of earning capacity because when he returned to work after the accident his earnings were less. But according to his disclosure, as the defendant points out, the plaintiff returned to work with a different employer. The defendant seeks an order requiring the plaintiff to authorize defendant's attorneys to obtain from that previous employer: "all records relating to my earnings during the course of my employment with Oxford Health Plans including my rate of pay, hours, days or weeks worked, the beginning date of my employment and the ending date, if applicable, a description of my job and periods of time absent and reason for absence."
Practice Book § 227 provides in relevant part: "In all personal injury actions except those alleging death or product liability, the requests for production served shall be limited to those set forth in Practice Book Forms 106.11A and 106.11B, unless, upon motion, the court determines that such requests for production are inappropriate or inadequate in the particularaction." (Emphasis added.) Practice Book Form 106.11B allows the defendant to request of a plaintiff: "Copies of, or sufficient written authorization to inspect and make copies of, the wage and employment records of all employers of the Plaintiff(s) for three (3) years prior to the date of the incident to and including the date hereof." The defendant has not persuaded the court that this form request for production is "inappropriate or inadequate in the particular action."
 II
The defendant also seeks authorization from the plaintiff to obtain the results of an independent medical examination performed by a Stratford physician at the request of the plaintiff's long-term disability carrier. Again, the defendant has not persuaded the court that this form request for production is "inappropriate or inadequate in the particular action." The defendant is not without other legitimate mens by which to obtain the desired report.
To grant a motion such as this, which cross the desks of superior court judges with ever-increasing frequency, would undermine Practice Book § 223, 227. "Either we adhere to the rules or we do not adhere to them." Osborne v. Osborne, 2 Conn. App. 635,639 (1984). "[T]his court does not sit as the Rules Committee of the Superior Court. See State v. Jennings, 216 Conn. 647, CT Page 7079 665 n. 11, 583 A.2d 915 (1990); Kupstis v. Michaud, 215 Conn. 435,437, 576 A.2d 152 (1990)." State v. Johnson, 228 Conn. 59,61-62, 634 A.2d 293 (1993); see Grable v. Krasowski, Superior Court, Judicial District of Fairfield, No. 334823 (1996).
Upon reconsideration and in light of the plaintiff's objection, the defendant's motion to serve additional disclosure and production is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court