[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action seeks money damages for personal injuries sustained by the minor plaintiff when while "jumping stiff legged into the [swimming] pool at Platt High School in . . . Meriden" she was injured. The complaint claims that the defendants Edward P. Heath and the city and town of Meriden were negligent and that "[a]t said time and place the pool at Platt High School was within the control of the Parks and Recreation Department of the City and Town of Meriden and Edward P. Heath, Aquatic Director for the Parks and Recreation Department of the City and Town of Meriden." CT Page 9962
The plaintiffs seek to file additional interrogatories, claiming that "the standard interrogatories provided in Practice Book Form 106.10A are inadequate or inappropriate in the instant action so that plaintiffs may file alternate request for production upon the defendants."
Practice Book § 223, para. 2, effective October 1, 1997, provides in relevant part: "In all personal injury actions alleging liability based on the operation or ownership of a motor vehicle oralleging liability based on the ownership, maintenance or controlof real property, the interrogatories served shall be limited to those set forth in Practice Book Forms 106.10A, 106.10B, and/or 106.10C, unless upon motion, the court determines that such interrogatories are inappropriate or inadequate in the particular action." (Emphasis added.)
The plaintiff does not point to anything in this "particular action" that renders the standard interrogatories "inappropriate or inadequate". To grant such motions as this, which cross the desks of superior court judges with ever-increasing frequency, would undermine Practice Book §§ 223, 227. "Either we adhere to the rules or we do not adhere to them." Osborne v. Osborne, 2 Conn. App. 635,639 (1984). "[T]his court does not sit as the Rules Committee of the Superior Court. See State v. Jennings, 216 Conn. 647, 665 n. 11, 583 A.2d 915 (1990); Kupstis v. Michaud, 215 Conn. 435, 437,576 A.2d 152 (1990)." State v. Johnson, 228 Conn. 59, 61-62,634 A.2d 293 (1993); see McLeod v. Mario's Body Shop, Superior Court, Judicial District of Fairfield, No. 328196 (1996); Grable v.Krasowski, Superior Court, Judicial District of Fairfield, No. 334823 (1996): Roth v. Burke, Superior Court, Judicial district of Fairfield, No. 324533 (1996).
The motion (#120) to file alternate interrogatories is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court