[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for money damages on account of personal injuries allegedly sustained in a slip and fall on premises owned or controlled by the defendants. The plaintiff has moved for permission to file non-standard interrogatories.
Practice Book § 223(a), as amended effective October 1, 1997, provides in relevant part: "In all personal injury actions . . . alleging liability based on the ownership, maintenance or control of real property, the interrogatories served shall be limited to those set forth in Practice Book Forms 106.10A, 16.10B, and/or 106.10C, unless upon motion, the court determines that such interrogatories are inappropriate orinadequate in the particular action." (Emphasis added.) The plaintiff does not point to anything in this "particular action" that renders the standard interrogatories "inappropriate or inadequate". Rather, the plaintiff alleges: "The interrogatories and production requests propounded by the Judges of the Superior Court are insufficient to acquire additional investigative materials, such as photographs and videotapes as disclosed in defendant's compliance to standard discovery requests." To grant such motions as this, which cross the desks of superior court judges with ever-increasing frequency, would undermine Practice Book §§ 223, 227. "Either we adhere to the rules or we do not adhere to them." Osborne v. Osborne, 2 Conn. App. 635,639 (1984). "[T]his court does not sit as the Rules Committee of the Superior Court. See State v. Jennings,216 Conn. 647, 665 n. 11, 583 A.2d 915 (1990); Kupstis v. Michaud,215 Conn. 435, 437, 576 A.2d 152 (1990)." State v.Johnson, 228 Conn. 59, 61-62, 634 A.2d 293 (1993).[1]
The motion (# 136.50) is denied.
Bruce L. LevinJudges of the Superior Court