### FREDDY RIVERA *v.* COMMISSIONER OF CORRECTION
### (AC 17320)

Landau, Spear and Dupont, Js.

Argued November 2—officially released December 22, 1998

*George C. Springer, Jr.*, for the appellant (petitioner).

*Ellen Jawitz*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Dropick*, former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Freddy Rivera, was convicted of sexual assault in the first degree after a jury trial and we affirmed the conviction in *State* v. *Rivera*, 30 Conn. App. 523, 621 A.2d 298 (1993), aff'd, 228 Conn. 756, 638 A.2d 34 (1994). Thereafter, he filed a petition for habeas corpus alleging that his trial counsel furnished ineffective assistance. The habeas court dismissed the petition and Rivera appeals from that judgment on the sole ground that the habeas court improperly refused to review the entire transcript of

the petitioner's criminal trial.[1] We disagree with the petitioner's claim that such a review was required under the circumstances of this case and, accordingly, affirm the judgment of the habeas court.

The petitioner relies on this court's holding in *Evans* v. *Warden*, 29 Conn. App. 274, 277, 613 A.2d 327 (1992), for the proposition that, when requested, a habeas court *must* review the entire transcript before ruling on the petition for habeas corpus. This reliance is misplaced. In *Evans* we said that "[a] full and fair review of the petitioner's claim that . . . appellate counsel provided ineffective assistance in failing to include a sufficiency of the evidence claim in his direct appeal required the habeas court to read the trial transcript." Id., 278.

In the present case, there was no claim that counsel was ineffective in failing to raise insufficiency of evidence as a ground of appeal. Moreover, none of the discrete claims of the petitioner necessitated a review of the entire transcript of the criminal trial. The habeas court repeatedly told the petitioner to point out the sections of the transcript that related to his claims and stated repeatedly that it would read all necessary portions of the transcript of the trial court proceedings. The petitioner ultimately pointed out those sections of the trial transcript that related to his claims and the habeas court reviewed those portions of the transcript prior to ruling.

[1] The habeas corpus petition also alleged that trial counsel rendered ineffective assistance by failing: (1) to conduct an adequate pretrial investigation, (2) to consult properly with the petitioner prior to trial, (3) to request a continuance to locate certain witnesses, (4) to call certain favorable witnesses, (5) to cross–examine adequately certain witnesses, (6) to introduce expert testimony on rape trauma syndrome, (7) to obtain a favorable ruling that would have suppressed the petitioner's statement to the police and certain other evidence, (8) to object to the admissibility of the petitioner's statement and certain other evidence, (9) to object to the admissibility of certain photographs, (10) to call the petitioner as a witness and (11) to investigate the petitioner's complaint of prosecutorial misconduct.

The petitioner was unable to articulate in his brief or at oral argument any reason why the habeas court was required to read the entire transcript in light of his discrete, particularized claims of ineffective assistance of counsel. Moreover, habeas counsel acquiesced when the court asked him to point out the specific pages that counsel wanted the habeas court to read.[2]

The judgment is affirmed.

---

[2] At the beginning of the hearing on the habeas corpus petition, the following colloquy took place between the petitioner's counsel and the trial court:

"[Petitioner's Attorney]: Your Honor, I was going to offer by stipulation the transcript in its entirety as a point of reference to the court, but obviously during the course of the testimony, if it is necessary, I can point out references to the transcript.

"The Court: You mean the whole trial transcript?

"[Petitioner's Attorney]: Yes.

"The Court: That's okay. I don't care how you do it. If you want me to read any, you will have to be specific as to which pages you want me to read.

"[Petitioner's Attorney]: Yeah. I am not sure what Your Honor would do with respect to briefing, whether you want to permit that or not in this instance, I—obviously, I can do that in the form of a brief.

"The Court: I don't require briefs in 99 percent of the cases. . . .

"[Petitioner's Attorney]: Your Honor . . . . At this point I will leave it to the court's discretion until the end of the evidence, perhaps we can revisit the issue.

"The Court: Well, I mean, you could put in the whole transcript, the only thing I say is that before the trial concludes just tell me what, if any, of the pages you want me to read, and whatever you want me to read, I will read.

"[Petitioner's Attorney]: Okay, Your Honor. Thank you . . . ."